**PACIFIC TOBACCO CORP., an Oregon corporation dba Pacific Tobacco Company, Plaintiff,**

v.

**The AMERICAN TOBACCO COMPANY, Inc., a Delaware corporation, American Brands, Inc., a New Jersey corporation, et al., Defendants.**

**Civ. No. 70–86.**

United States District Court, D. Oregon.

Jan. 27, 1972.

in being tried as a juvenile or as an adult did not vary in different cases.

Roger Tilbury, Tilbury & Kane, Portland, Or., for plaintiff Pacific Tobacco Corp.

Wayne Hilliard, Stanley R. Loeb, McColloch, Dezendorf, Spears & Lubersky, Portland, Or., P. G. Pennoyer, Jr., Edward C. McLean, Jr., Daniel J. O'Neill, Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant The American Tobacco Co. and American Brands, Inc.

Garry P. McMurry, McMurry, Sherry, Nichols & Cox, Portland, Or., for defendant Loew's Inc., and Lorillard Corp.

Donald W. McEwen, Cake, Jaureguy, Hardy, Buttler & McEwen, Portland, Or., for defendant Phillip Morris Inc.

Jack L. Kennedy, Portland, Or., for defendant G. A. Georgopulo & Co., Inc.

Allan Hart, Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland, Or., for defendant Liggett & Myers, Inc.

John Sabin, Sabin, Newcomb, Sabin & Meyer, Portland, Or., for defendant AMF Inc. (formerly American Machine & Foundry Co.).

Bruce Spaulding, Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland Or., for defendant R. J. Reynolds Tobacco Co.

Clifford B. Alterman, Christopher P. Thomas, Kell & Alterman, Portland, Or., Jay H. Topkis, Joel S. Taylor, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Brown & Williamson Tobacco Corp.

Manley B. Strayer, Cleveland C. Cory, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., Herbert Dym, George R. Poehner, Covington & Burling, Washing-

ton, D. C., for defendant The Tobacco Institute, Inc.

## MEMORANDUM OPINION AND ORDER

ALFRED T. GOODWIN, Circuit Judge (Sitting by Designation).

Pacific Tobacco Corp., an Oregon corporation, trying to market a "Cancer" brand cigarette, brought this antitrust action for damages against several tobacco companies and The Tobacco Institute, a nonprofit trade association.

The Tobacco Institute, a corporation with offices in Washington, D. C., and New York City, was made a defendant after the initial complaint was filed in February 1970. The Institute has moved, pursuant to Fed.R.Civ.P. 12(b), to dismiss the complaint, arguing improper venue and a want of *in personam* jurisdiction in the district of Oregon.

Section 12 of the Clayton Act, 15 U.S.C. § 22, provides that an antitrust action may be brought in the district where defendant resides, is found, or transacts business. While plaintiff does not contend that the Institute resides or "is found" in Oregon, plaintiff does argue that the Institute "transacts business" here.

The Institute has employed an agent to lobby in Oregon on behalf of the Institute and to keep the Institute advised of legislative developments in Oregon which could affect the tobacco industry. During 1969, the Institute, through its agent, made inquiries in Oregon regarding plaintiff's cigarette business.

While these facts illustrate that the Institute has engaged in some activity in Oregon, such activity, by itself, does not amount to the "transaction of business" envisioned by Section 12 of the Clayton Act.

■ Section 12 does not demand that a corporation be engaged in a continuous course of business within the forum state. Pacific Car & Foundry Co. v. Pence, 403 F.2d 949 (9th Cir. 1968). One act within, or with regard to, the forum state may be enough to constitute the "transaction of business" required by the Act. Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Ass'n, 344 F.2d 860, 864–865 (9th Cir. 1965). But one isolated act in the forum state ordinarily would not support jurisdiction on a "transaction of business" theory unless the activity was related to plaintiff's cause of action. Cases in other circuits have suggested that the defendant's activities need not be related to the cause of action in order to find Section 12 venue based upon the transacting of business in the forum state. See, e. g., U. S. v. Burlington Industries, Inc., 247 F.Supp. 185 (S.D.N.Y.1965); Crusader Marine Corp. v. Chrysler Corp., 281 F.Supp. 802 (E.D. Mich.1968). But this circuit has not yet committed itself. See Pacific Car & Foundry Co. v. Pence, 403 F.2d at 954 n. 14.

■ Under the "transacting business" clause of Section 12 of the Clayton Act, venue and personal jurisdiction are virtually congruent. Thus, in the *Pacific Car & Foundry* case, if the defendant had been charged with monopolistic activity injuring the plaintiff in the forum state, the venue would not have been held to have been improperly laid, and jurisdiction in the forum would also have been established.

In the case at bar, the plaintiff alleges that the defendant Institute participated in a conspiracy to drive the plaintiff out of business, with resulting injury to the plaintiff in the forum state. The plaintiff, in effect, alleges that the defendant Institute "transacted business" in Oregon by engaging in conduct elsewhere which produced in Oregon the very injury giving rise to the action. The plaintiff asserts that the target of an illegal conspiracy can lay the venue in the district in which the conspiracy bore its fruit.

Under the "target theory," the court must first look to the pleadings to see whether the plaintiff has alleged a prima facie case against the particular de-

fendant. If so, threshold jurisdiction and venue are established, and the final determination of the question can await trial. 2A Moore Federal Practice ¶ 12.16, at 2354. Of course, if the plaintiff proves no case on the merits, he will be shown to have been wrong about jurisdiction and venue, but these matters are then academic. Defendants object to this "target theory" of venue, saying that it forces them to trial in a distant state in which they have little or no business activity, personnel, records, or other indicia that bear upon the proper selection of venue. In product-liability cases, this argument has been rejected. See Duple Motor Bodies, Ltd. v. Hollingsworth, 417 F.2d 231, 235 (9th Cir. 1969).

 In a Clayton Act case, as much as in a product-liability case, a person choosing to embark upon a course of conduct with predictably injurious consequences to persons in a distant state should have no legitimate objection to defending his conduct in the courts in that state. *See, e. g.*, Maricopa County v. American Petrofina, Inc., 322 F.Supp. 467 (N.D.Cal.1971). No one forces the antitrust defendant to engage in the liability-producing conduct.

Finally, there is another ground for denying defendants' motion. In Courtesy Chevrolet v. Tennessee Walking Ass'n, *supra*, the court held that a nonresident defendant association had transacted business in the forum state (California) not only because the plaintiff's injuries had been caused in that state by the nonresident's alleged violations of the antitrust laws, but also because defendant had members, an affiliate, and an officer in California and had also sent its "judges" into California to review horse shows.

In the instant case, aside from alleging that the Institute has participated in an unlawful conspiracy to inflict injury upon an Oregon victim, plaintiff has established that the Institute, through its agent, has carried on the Institute's regular course of activity (lobbying) in Oregon and has also made inquiries in Ore-

gon regarding plaintiff's "Cancer" cigarettes. These latter inquiries may, themselves, bear upon the Institute's role in the alleged on-going conspiracy to preclude plaintiff from producing and distributing its products.

On the basis of both the "target theory" and the Institute's other contacts with Oregon, then, the Institute "transacts business" in this state within the meaning of Section 12 of the Clayton Act, 15 U.S.C. § 22. Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Ass'n, *supra*.

It is ordered that defendant The Tobacco Institute's motion to dismiss is denied.