[Civ. No. 12837. First Dist., Div. One. Sept. 6, 1945.]

ANTONE T. FREITAS, Respondent, v. R. P. MARSH, Appellant.

R. A. Rapsey for Appellant.

Joseph A. Garry for Respondent.

WARD, J.—This is an appeal by defendant in an action for claim and delivery involving the sale of an automobile. It is contended that the facts as found compel a finding of ostensible agency in the seller in negotiating a sale of plaintiff's automobile, and that the trial court erred in not protecting defendant in his claimed title.

Plaintiff loaned the automobile in question to one Stone for personal use during a short period when Stone's car was out of order. Stone used the borrowed automobile to convey plaintiff to and from work. He also used it to peddle eggs. While the car was in Stone's possession, plaintiff delivered to Stone the pink certificate of ownership, entirely in blank as to signature, for the purpose of procuring a new registration certificate to replace his certificate which had been lost. Stone, while using this vehicle in his temporary business of peddling eggs, became acquainted with defendant and agreed to sell defendant certain furniture and the automobile for $1,400 cash, of which $850 represented the purchase price of the automobile. At the time of the sale Stone delivered to defendant the pink and white certificates bearing plaintiff's purported endorsements. Stone told defendant that Freitas, the plaintiff, owed him money and had authorized him to sell the car to pay the indebtedness, all of which was untrue. During this period of ten days plaintiff and defendant were unknown to each other, and defendant had met Stone only a few times. Defendant did not get in touch with plaintiff before the sale of the automobile and made no further inquiry relative to plaintiff's interest in the car or the amount of the claimed indebtedness. The trial court found that the automobile which was sold for $850 was of the value of $1,100. At the time of the delivery of the slips by Stone to defendant no examination was made of the contents thereof other than to note that some name had been written thereon.

No inference may be drawn from the evidence that plaintiff endorsed the certificates or that he authorized Stone to endorse them, or that Stone endorsed the slips in the presence of plaintiff, or that they were endorsed with the knowledge of plaintiff for the purpose of sale.

The transcript of evidence discloses that the endorsements were crude forgeries. The name of plaintiff, "Antone T. Freitas" was typed on the face of each certificate. It appears that the person who wrote the signatures wrote "A. Freitas"

on both certificates in blue ink. On the registration card, the signature had later been traced in black ink, and "nton" had been added between the "A" and "Freitas." The final "e" of the given name was left out, as was also his middle initial "T." On the certificate of ownership, where the signatures had also later been traced in black ink, the second had been written with the initial "A" so close to "Freitas" that the full given name could not be placed between them and "Anton" had been written anew so that the "o" of "Anton" covers the initial "A" which had been originally placed there. Here, too, the final "e" and the initial "T" had been omitted. Defendant testified that he did not examine the certificates because his glasses happened to be in the house.

■ It is appellant's position that this case falls within the rules governing ostensible agency and the maxim in Civil Code section 3543 that "Where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer." To apply this rule it must appear that negligence of one of the parties must have been the cause of the loss of the property. (*Jeannerette* v. *Taylor*, 2 Cal.App.2d 568 [38 P.2d 831].) ■ It was within the province of the trial court to determine whether negligence might be based on the act of plaintiff in loaning the car to Stone and giving him the unendorsed pink slip, which when endorsed is an indicia of ownership, or upon the conduct of the defendant, including the failure to examine the forged signatures. The judgment must be affirmed unless this court, as a matter of law, must determine that the acts of plaintiff created an ostensible authority to sell the automobile for plaintiff's account. " ' "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." (Cal. Civ. Code, sec. 2317.) An agent also has such authority as is given by statute (Cal. Civ. Code, secs. 2304 et seq.) unless deprived thereof by his principal; "and has even then such authority ostensibly, except as to persons who have actual or constructive notice of the restriction upon his authority." (Cal. Civ. Code, sec. 2318.) Ostensible authority rests upon the doctrine of estoppel, and its essential elements are representation by the principal, justifiable reliance thereon by the third party, and change of position or injury resulting from such reliance. (Cal. Civ. Code, sec. 2334; . . .)' " (*Ernst* v. *Searle*, 218 Cal. 233, 236-237 [22

P.2d 715]; *Hobart* v. *Hobart Estate Co.*, 26 Cal.2d 412 [159 P.2d 958] Rest., Agency, § 265.) Civil Code section 2334 expressly provides: "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof." In the majority opinion in *County etc. Bank* v. *Coast D. & L. Co.*, 46 Cal.App.2d 355, 366 [115 P.2d 988], it is said: "The two essential elements of an ostensible agency are: (1) the third person must believe that the agent had authority; and (2) such belief must be generated by some act or neglect of the person or company to be held. (*Harris* v. *San Diego Flume Co.*, 87 Cal. 526 [25 P. 758].)"

It is true that Stone became an agent of plaintiff for the purpose of procuring a new registration certificate for the one which had been lost. But this is not the agency relationship upon which the defendant claims to have relied. No such representation was made by Stone. Defendant contends that by the delivery of possession of the automobile, even with the pink slip unendorsed, the plaintiff created a deceptive situation from which anyone could reasonably have concluded that Stone was the agent to sell the car for plaintiff.

Appellant's citation of cases does not assist in presenting his contentions. In *W. P. Herbert Co.* v. *Powell*, 90 Cal.App. 782 [266 P. 620], the automobile was transferred with the understanding that payment therefor would be made at some indefinite time in the future. Under such circumstances the recipient of the car was authorized to have the car registered in his name and to sign the previous owner's name to the pink slip. *Mitchell* v. *Porter*, 123 Cal.App. 329 [11 P.2d 58], involved forging the name of the owner on the ownership slip and selling the automobile to a party in the business of buying and selling cars. It was held that the owner was entitled to reclaim his property. At page 333 the court said: "If the plaintiff had inserted his signature in the blanks on the reverse side of the certificate of ownership, and if he had thereafter entrusted his automobile and the certificate so filled out into the hands of Marks, the defendants might have cause to complain." In the present case the owner's name had not been inserted by the owner on the certificate. In *Carter* v. *Rowley*, 59 Cal. Cal.App. 486 [211 P. 267], the purchase price of the automobile was embezzled. The facts are set forth at page 492 as follows: "Plaintiff, who employed McNabb as his agent to find

a purchaser, voluntarily left his car with McNabb, a dealer in second-hand cars. . . . His premises were surrounded by conspicuous signs advertising to the world that his business was that of selling used cars. Plaintiff testified that he knew McNabb's line of business. With this knowledge he left his car with McNabb in order that the latter might find a purchaser for it. McNabb was more than a mere bailee; he was plaintiff's agent to find a purchaser. Whatever may have been the private arrangement between plaintiff and McNabb, whatever the latter's *actual* authority may have been, plaintiff, by his own voluntary act, clothed McNabb with such *indicia* of authority to sell the car as usually accompanies such authority according to the custom of trade and the general understanding of business men.'' At page 491 the court said: ''But where, in addition to possession by the vendor, the owner has given such evidence of authority to sell as usually accompanies such authority according to the custom of trade, or the general understanding of business men, then, as was stated by Mr. Justice Field in an early California case—*Wright* v. *Solomon,* 19 Cal. [64] 76 [79 Am.Dec. 196]—the vendor's possession under such circumstances is evidence, not that he is the owner, but that he has received authority from the owner to sell.'' The Carter case is particularly applicable where the legal owner gives possession of an automobile to one who is in the recognized business of selling second-hand cars. (*Pacific Finance Corp.* v. *Hendley,* 119 Cal.App. 697 [7 P.2d 391].) In the Carter case the ''dealer'' was authorized to find a purchaser at a particular price. To that extent the purchaser should be protected. Further, by reason of the agent's business of selling second-hand cars, the purchaser was justified in relying on the appearance of authority to sell evidenced by the true owner's giving possession to a dealer whose business it was to sell. That case is not authority for the proposition here urged—that without any investigation on the part of the prospective purchaser—possession of a car, and the pink slip unendorsed, by a man engaged temporarily in peddling eggs creates the appearance of authority to sell. Under the circumstances surrounding this case plaintiff, the legal owner, is entitled to the possession or the reasonable value of the automobile.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.