**MARICOPA COUNTY, a body politic, Plaintiff,**

v.

**AMERICAN PETROFINA, INC., Atlantic Richfield Company, Chevron Asphalt Company, Douglas Oil Company of California, Edgington Oil Company, Sahuaro Petroleum & Asphalt Co., Shell Oil Company, Standard Company of California, Union Oil Co. of California and Witco Chemical Corporation, Defendants.**

Civ. A. No. C–70–185.

United States District Court,
N. D. California.

Jan. 25, 1971.

Moise Berger, Maricopa County Atty., Ronald W. Meyer, Deputy County Atty., Phoenix, Ariz., for plaintiff.

Gibson, Dunn & Crutcher, Irwin F. Woodland, Paul G. Bower, James R. Martin, Los Angeles, Cal., for defendant.

## ORDER AND OPINION

RUSSELL E. SMITH, Chief Judge, United States District Court, Missoula Mont.

Plaintiff, Maricopa County, Arizona, seeking treble damages under Section 4 of the Clayton Act (15 U.S.C.A. § 15) brought an action in the United States District Court for the District of Arizona naming several corporate defendants who were alleged to have fixed the prices of asphalt. The Judicial Panel on Multidistrict Litigation consolidated the case with other cases for pre-trial proceedings and for that purpose transferred the cases to the Northern District of California. (309 F.Supp. 157)

Following the transfer, plaintiff's motion to add additional parties, including Robert L. Feldman, the movant here, was granted by the District Court of the Northern District of California. A copy of a summons, unsigned, undated and unsealed, was served upon the defendant Feldman. Feldman now moves to dismiss upon the grounds that the court lacks jurisdiction of the person, that the venue is improper, and that the process was insufficient.

As to jurisdiction Feldman, by affidavit, shows that his only residence is in Los Angeles, and that he does not and has not resided, maintained an office, transacted business or maintained an agent in Arizona.

■ The District Court of Arizona was in a position to acquire jurisdiction over the person by virtue of the long arm rules of the State of Arizona,[1] and Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) (2), Ariz.R.Civ. P., 16 A.R.S., provides that a person who "has caused an event to occur in this state out of which the claim which is the subject of the complaint arose" may be served out of the state. The

---

1. Ariz.R.Civ.P. 4.

complaint alleges that Feldman conspired to fix the prices of liquid asphalt in Arizona, and that plaintiff was damaged by the conspiracy. The affidavits in support of the motion go no further than to allege that defendant is and has been a resident of California and not Arizona. If a person is engaged in a conspiracy in California which is designed to and does affect the price structure in Arizona, then that person does cause an "event to occur", i. e., a rise in prices in Arizona. Defendant's actions as alleged are sufficient to bring him within the reach of the Arizona long arm rule.

■ Defendant urges that his relationship with Arizona is not sufficient under the minimum contacts doctrine to warrant application of the Arizona rule to him. The argument is grounded in the old notion that there is something magical in a person's physical presence in a state. Had the alleged conspiracy been formed while the parties were gathered together in Arizona, the effects of it would be no different from those generated by conspiracy agreed upon in London. A conspiracy, no matter where made, creates a destructive force which extends into the state. If it be recognized that a conspiracy sets in motion real if intangible forces, then the three tests of minimal contacts expressed in L. D. Reeder Contractors of Arizona v. Higgins Industries, 265 F.2d 768 (9 Cir. 1959) are met. In the *Reeder* case, on which defendant relies, no event occurred within the State of California, and no effect was felt there. It was within the power of the District Court of Arizona to acquire jurisdiction of Feldman.

■ The Multidistrict Litigation Act[2] provides for the transfer of cases for "pretrial proceedings." The quoted phrase is not defined, but since the act does not require that the multidistrict panel await a complete designation of parties or service upon them prior to trial, since such matters as joinder of necessary parties and the filing of third party complaints do occur before trial and could be designated as pre-trial proceedings, since no conceivable harm is done to a defendant who is brought in by process originating in a transferee court rather than the court of original jurisdiction, and since any other rule would result in insufferable inconvenience, I believe, and so hold, that the transferee court may by its process obtain jurisdiction over persons to the same extent as could the court of original jurisdiction. (In Re Library Editions of Children's Books, 299 F.Supp. 1139 (J.P.M.L. (1969)). I do not intimate that the jurisdiction of the court where the case is originally filed could be expanded by the use of the present multidistrict litigation statute.

■ The problem of venue I do not decide, except that the case should not be dismissed on venue grounds. This case if filed in the jurisdiction of proper venue would by reason of the action of the multidistrict panel be here for pretrial purposes. When the cause is ready for trial on the merits and for retransfer for trial venue problems may be considered. (State of Illinois v. Harper & Row Publishers, Inc., 308 F.Supp. 1207 (N.D.Ill.E.D.1969)).

■ Defendant moves to dismiss on the ground that the service of process was defective. It was defective. The copy of summons served on defendant does not bear the facsimile of the signature of the clerk, the seal of the court, or the name of the defendant, is undated, and requires a response to the complaint, whereas the defendant is named only in an amended complaint.[3] If a service can be void, this one was. Yet the defendant secured three stipulations extending his time "to answer, move or otherwise respond to the *complaint.*" At least one of these was presented to the court and approved. Had there been any suggestion that defendant intended

---

2. 28 U.S.C.A. § 1407.

3. The clerk advises that no summons for service on the defendant was ever issued.

to claim an insufficiency of process, rather than to respond to the complaint, the Court would have refused to approve the stipulation. Were the Court to now quash service of summons the plaintiff could, assuming that plaintiff's counsel has access to the Federal Rules of Civil Procedure, make a valid service. Defendant would gain nothing but time; but since pending a valid service discovery is going forward as to all other parties, this Court might hereafter be obliged to distinguish between the discovery as to this defendant and all of the other defendants in this and other cases. That would accomplish a partial defeat of the whole purpose of the consolidation for pre-trial purposes. I hold that the defendant is estopped to deny service of process.

The motion to dismiss is denied and defendant shall have ten days after receipt of this order within which to answer.

The Court is of the opinion that this order involves a controlling question of law as to which there is a reasonable ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.