[L.A. No. 30075. In Bank. July 26, 1973.]

PASADENA MEDI-CENTER ASSOCIATES et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RICHARD E. HOUTS, as Trustee, etc., Real Party in Interest.

774

**COUNSEL**

Gibson, Dunn & Crutcher and Gary D. Stabile for Petitioners.

No appearance for Respondent.

Bunn & Peterson and Robert M. Peterson for Real Party in Interest.

## OPINION

**TOBRINER, J.**—Petitioners[1] seek writs of certiorari and mandate to compel the Los Angeles Superior Court to grant their motions to quash service of summons and to vacate a default judgment and levy of execution against defendants, a corporation, and a partnership in which the corporation was general partner. Defendant corporation's application to the Commissioner of Corporations for a permit to issue stock stated that Albert Binney, Sr., was its secretary-treasurer; plaintiff, relying on the corporation's application, attempted to serve defendants by delivery of summons to him. Defendants now maintain that since Binney, Sr., was not in fact the corporation's secretary-treasurer, service upon him failed and plaintiff's judgment, founded on that service, is void.

We conclude, however, that by representing that Binney, Sr., was its secretary-treasurer, defendant corporation conferred on him ostensible authority to accept service on the corporation's behalf; consequently service upon Binney, Sr., sufficed to establish personal jurisdiction over defendant corporation. We therefore deny the writ of certiorari and the peremptory writ of mandate, and discharge the alternative writ of mandate previously issued by the Court of Appeal.

### 1. *Summary of facts.*

On February 24, 1971, plaintiff filed an action on two promissory notes, totaling $15,000, against defendant corporation and Pasadena Medi-Center Associates. The next day plaintiff attached real property owned by the corporation.

Plaintiff's counsel then attempted to serve process upon defendants. Discovering that the corporation maintained no general office for the transaction of business and had not filed the list of officers and agents authorized to accept service required by Corporations Code section 3301, he arranged to examine the corporation's file with the Commissioner of Corporations. He there observed a 1968 application for a permit to issue stock filed by defendant corporation, which listed the following corporate officers and

---

[1]Petitioners are Pasadena Medi-Service, Inc., a California corporation; Boyd Jefferies; and Pasadena Medi-Center Associates, a partnership composed of the corporation as general partner and Jefferies as limited partner. Both the corporation and the partnership were defendants in Los Angeles Superior Court action NEC 10559. The petition seeks to compel the superior court to quash service of process and to set aside entry of default and default judgments against both defendants, and also to set aside the issuance and levy of a writ of execution against defendant corporation.

directors: George E. DuNah, president and director; Carl A. DuNah, vice president; Albert A. Binney, *Sr.*, secretary-treasurer and director; Boyd L. Jefferies, director; and Albert A. Binney, *Jr.*, director. After each listed name, the application stated the individual's address and summarized his business experience.

Unknown to plaintiff's counsel, the application filed by defendant corporation with the Commissioner of Corporations was erroneous. Albert Binney, *Sr.*, although a corporate director, was not and had never been secretary-treasurer; his son, Albert Binney, *Jr.*, was in fact the secretary-treasurer and acting president of the corporation. Sometime thereafter, the Medi-Center partnership, as distinct from the corporation, did prepare an offering circular which correctly listed Binney, Jr., as the secretary-treasurer. Among other prospective investors plaintiff personally received a copy of the circular, but the record fails to show that he delivered it to his counsel. Although the partnership sent the commissioner a copy of the circular, it was filed under the partnership name and, in the course of the examination by plaintiff's counsel, did not come to his attention.

Plaintiff's counsel knew that George DuNah, listed as corporate president, had died; counsel therefore directed Mr. Webb, his process server, to serve Carl DuNah as vice president. When Webb could not locate Carl DuNah, counsel asked him to serve Albert Binney, *Sr.*, at 885 La Loma Road, Pasadena, the address listed in the defendant's stock permit application. On March 13, 1971, Webb served Binney, Sr., at this address and completed a return showing service upon defendants by serving Albert Binney, Sr., as secretary-treasurer of defendant corporation.

Upon receiving the summons and complaint, Binney, *Sr.*, said nothing to the process server, but he notified Binney, *Jr.*, of the suit. Binney, *Jr.*, discussed the case with the other directors; all agreed that since the defendants apparently owed the sum plaintiff claimed, and since they lacked the funds to finance a defense they should not contest the action. On April 23, 1971, plaintiff entered default against defendants and on May 27 obtained a default judgment. Although notified of these events, defendants took no action.

Meanwhile, on March 31, defendant corporation sold the property attached by plaintiff, the only remaining corporate asset, to one Allen Robbins. Since Robbins required title insurance against plaintiff's lien, Boyd Jefferies, the limited partner of the defendant partnership and a former director of the corporation, gave the title company a personal indemnity for the amount of plaintiff's attachment.

When plaintiff obtained judgment and levied on the property, the title company demanded that Jefferies make good the indemnity. Jefferies' attorneys, however, discovered that plaintiff had served his summons upon Albert Binney, Sr., instead of Binney, Jr.[2] Although this error might have served to vacate the judgment and the subsequent levy of execution, defendants still faced the encumbrance of the prejudgment attachment. With our decision in *Randone v. Appellate Department* (1971) 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13], the prejudgment attachment was also subject to attack. The vacating of the judgment and liens, then, would have cleared the title; Jefferies would have been freed of the indemnity, and plaintiff would have had only a cause of action against a judgment-proof corporation.

Jefferies therefore, on September 29, 1971, brought a motion in defendants' name to quash service of summons and to vacate the default judgment and the levy of execution. After hearing testimony and receiving documentary evidence, the court denied defendants' motions. Finding that Binney, Sr., was not in fact the corporation's secretary-treasurer, the court nevertheless held that defendants had waived any deficiency in service of process and that, in addition, defendants' motion to vacate the judgment had not been timely brought. Plaintiff contended that by reason of his reliance upon the corporation's application for a stock permit defendants should be estopped to deny Binney, Sr.'s, authority to accept service. The court did not, however, render a specific finding on that issue.

2.   █   *Since defendant corporation conferred upon Albert Binney, Sr., ostensible authority to accept service of process, plaintiff's service upon him constitutes service upon defendants.*

As we shall explain, we find that defendant corporation's designation in its application for a stock permit of Binney, *Sr.*, as its secretary-treasurer, clothed him with ostensible authority to accept service of process. Because service upon a corporate agent with ostensible authority to accept service suffices to acquire jurisdiction over the corporation, we conclude that defendant corporation has been properly served and can present no viable reason for setting aside the default judgment entered against it.[3]

---

[2]The record indicates that Jefferies' attorneys discovered the defect in service sometime between May 27, 1971, the date of entry of judgment, and June 25, when they notified plaintiff's counsel of the defect. Defendants stress that when plaintiff's counsel learned that Binney, Sr., was not an officer, he made no attempt to serve one of the other listed officers. But by June 25 plaintiff already had his judgment; and defendants' prior inaction gave him every reason to believe that defendants would not challenge the validity of that judgment.

[3]In delivering summons to Binney, Sr., plaintiff, in addition to serving defendant corporation, was also attempting to serve defendant partnership through serving the

Recognizing "the serious need to update California's jurisdiction and service of process statutes" (Li, Attorney's Guide to Cal. Jurisdiction and Process (Cont.Ed.Bar 1970) p. 1), the California Judicial Council and State Bar, following a joint study, recommended a comprehensive revision of the California statutes. (See 1969 Judicial Council Report, pp. 27-96; *Report of the State Bar Committee on Administration of Justice* (1969) 44 State Bar J. 681-684.) The suggested changes, including section 416.10, which governs service upon corporations, were enacted by the 1969 Legislature. Although some decisions under pre-1969 statutes required strict and exact compliance with the statutory requirements (see 2 Witkin, Cal. Procedure (2d ed. 1970) pp. 1390, 1413-1415), the provisions of the new law, according to its draftsmen, "are to be liberally construed. . . . As stated in the Nov. 25, 1968, Report of the Judicial Council's Special Committee on Jurisdiction, pp. 14-15: 'The provisions of this chapter should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint. . . .' The liberal construction rule, it is anticipated, will eliminate unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants to proper notice of court proceedings." (Li, Attorney's Guide to Cal. Jurisdiction and Process (Cont.Ed.Bar 1970) pp. 57-58.)

The case at bar demonstrates the desirability of liberal construction of the new statutes. Defendants here had their opportunity to press the merits of any possible defense; they presented none; they actually have none. Recognizing their liability, they deliberately decided to permit plaintiff to obtain a default judgment. Yet they now seek to invoke a technical defect in service to set aside that judgment, not to present a defense, but, by vacating the judgment, to nullify plaintiff's lien upon the last remaining asset of the corporation and thereby leave plaintiff powerless to collect an acknowledged debt.

Bearing in mind the caveat of the draftsmen of section 416.10 of the Code of Civil Procedure that it be liberally construed, we find that the section designates a secretary or treasurer, or a combined secretary-treasurer

corporation as general partner. The validity of service on the partnership, and of the default judgment based on that service, thus turns on whether delivery of the summons and complaint on Binney, Sr., constituted service on the corporation. The partnership itself is without assets, so the parties' briefs discuss only the judgment and levy against the corporation.

as a proper person to receive service of process.[4] Although plaintiff here did not effect service upon the official secretary-treasurer, he urges that he did serve the ostensible secretary-treasurer: i.e., the officer held out to the public as secretary-treasurer. The statement in the application for a stock permit that Binney, Sr., was secretary-treasurer of the corporation made such a public assertion. According to the plaintiff, that representation estops defendants from denying the authority of Binney, Sr., to accept service.

The specific form assumed by estoppel here is better characterized as an ostensible authority. As *Dickens* v. *Bunker* (1959) 169 Cal.App.2d 383, 387-388 [337 P.2d 489] states: "The doctrine of ostensible authority is a specific application of the more general doctrine of estoppel."[5] We therefore test plaintiff's contention primarily not by reference to general principles of estoppel, but by the more specialized statutes and decisional authority establishing the doctrine of ostensible authority.

The issue of ostensible authority was fully tried before the superior court, albeit under the rubric of estoppel. Although that court did not render a specific finding on ostensible authority, the evidence on that issue was undisputed and, as we shall point out, the reasonable inference that arises from that showing is that Binney, Sr., had ostensible authority to receive service of process.[6]

---

[4]Code of Civil Procedure section 416.10 provides that: "A summons may be served on a corporation by delivering a copy of the summons and of the complaint:

"(a) To the person designated as agent for service of process as provided by any provision in sections 3301 to 3303, inclusive, or sections 6500 to 6504, inclusive, of the Corporations Code;

"(b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process; . . ."

[5]See *County etc. Bk.* v. *Coast D. & L. Co.* (1941) 46 Cal.App.2d 355, 366 [115 P.2d 988]. Some cases equate the elements of ostensible authority with those of estoppel. (See *Hobart* v. *Hobart Estate Co.* (1945) 26 Cal.2d 412, 451 [159 P.2d 958]; *Freitas* v. *Marsh* (1945) 70 Cal.App.2d 711, 713 [161 P.2d 565].) The difference between the two doctrines is largely one of terminology; most cases which discuss representations by a principal concerning the office and authority of an agent use the terminology of ostensible authority.

[6]We need not remand this proceeding to the trial court for findings on the issue of ostensible authority. A motion to set aside a default judgment is not among those proceedings in which findings of fact are appropriate (*Waller* v. *Weston* (1899) 125 Cal. 201, 204 [57 P. 892]). Thus the trial court's "findings" here do not limit the scope of review of an appellate court. (See *Waller* v. *Weston, supra; Euclid Candy Co.* v. *Int. Longshoremen* (1942) 49 Cal.App.2d 137, 142 [121 P.2d 91].) The superior court's "findings" may, like a memorandum opinion of a trial judge, aid us in understanding the basis for the trial court's ruling (see *Euclid Candy Co.* v. *Int. Longshoremen, supra*); they do not relieve us of our obligation to review the record

Civil Code section 2317 defines: "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." In the present case the misleading error as to Binney, Sr.'s, position could only arise from defendant corporation's "want of ordinary care"; undisputed evidence demonstrates that the corporation caused or allowed plaintiff to believe that Binney, Sr., possessed the authority of a corporate officer.

Having established that the conduct of defendant corporation conferred upon Binney, Sr., an ostensible authority to accept service of process, we must probe the further question whether plaintiff did rely, and reasonably relied, upon such representation. Civil Code section 2334 provides: "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without any want of ordinary care, incurred a liability or parted with value, upon the faith thereof." The present record demonstrates without doubt that plaintiff in fact relied upon defendant's representation, that plaintiff so relied in good faith, and that in so relying plaintiff incurred detriment.[7]

■  The undisputed evidence clearly discloses that plaintiff's reliance was "without any want of ordinary care." (Civ. Code, § 2334.) Plaintiff's counsel could reasonably rely on a list of officers prepared by defendant corporation which bore no indicia of error or mistake. In the overwhelming majority of cases documents such as the application for stock permit accurately identify the corporate officers; further investigation by counsel would only incur a waste of time and money. To hold that plaintiff's counsel negligently relied upon the application for the stock permit would be to impose a potentially expensive and actually unfair burden upon litigants against corporate defendants.

Defendants' two answering contentions cannot stand. Defendants first predicate plaintiff's "want of ordinary care" upon the fact that the offering

and to uphold the trial court if its decision may be sustained on any of the grounds urged below. (See *Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117]; 6 Witkin, Cal. Procedure (2d ed. 1971) pp. 4215-4216 and cases there cited.) Although an appellate court will not resolve evidentiary conflicts left unsettled by the trial court (*Zak* v. *State Farm etc. Ins. Co.* (1965) 232 Cal.App.2d 500, 506 [42 Cal.Rptr. 908]; *Kyne* v. *Kyne* (1943) 60 Cal.App.2d 326, 334 [140 P.2d 886, 141 P.2d 221]), in the case at bar all evidence material to the issue of ostensible authority is uncontroverted, and the only dispute concerns the inferences to be drawn from the undisputed record.

[7]Section 2334 does not require proof that the party relying on the ostensible authority incur a new legal obligation, but only that he show a "change of position or injury resulting from such reliance." (*Dickens* v. *Bunker* (1959) 169 Cal.App.2d 383, 388 [337 P.2d 489].)

circular correctly listed Binney, Jr., as secretary-treasurer. The circular, however, was not a corporate document; it was prepared by the partnership and filed with the Commissioner of Corporations in the partnership's file. It would not necessarily come to the attention of one who examined the corporation's file.

Defendants secondly argue that at the time of plaintiff counsel's examination of the corporation's application it was three years old and that the possibility of the replacement of the listed officers precluded his reasonable reliance upon it. But no more recent document was available; he could not examine the corporate books to determine the names of the current officers because the corporation maintained no general office. Indeed, if defendant corporation had complied with its obligation under Corporations Code section 3301 to file a list of officers and agents authorized to accept service of process, plaintiff would have had no need to rely on the stock permit application.

Concluding that the corporation conferred on Binney, Sr., ostensible authority to receive service of process, and that plaintiff reasonably relied upon such representation, we must finally determine whether service upon an agent possessing only ostensible authority will suffice to impose personal jurisdiction over the principal. Civil Code section 2315 provides that "An agent has such authority as the principal, actually or ostensibly, confers upon him." Section 2330 provides that "An agent represents his principal for all purposes within the scope of his actual or ostensible authority, . . ." The rules codified in these sections sweep across the civil law; the issue before the court may concern the agent's purchase or sale of property,[8] his endorsement of a check,[9] his touting of a product's virtues or concealment of its defects,[10] but, whatever the context, the rule remains that an agent acting within his ostensible authority binds his principal. We perceive no reason to depart from these principles merely because the ostensible authority here at issue involves authority to receive service of process.

The holding of the Court of Appeal in *Oro Navigation Co.* v. *Superior Court* (1947) 82 Cal.App.2d 884 [187 P.2d 444] further demonstrates that service on an ostensible agent binds the corporate principal. Defendant

---

[8]See *Leavens* v. *Pinkham & McKevitt* (1912) 164 Cal. 242 [128 P. 399]; *House Grain Co.* v. *Finerman & Sons* (1953) 116 Cal.App.2d 485 [253 P.2d 1034].

[9]See *Safeway Stores* v. *King Lumber Co.* (1941) 45 Cal.App.2d 17, 22-23 [113 P.2d 483].

[10]See *Herzog* v. *Capital Co.* (1945) 27 Cal.2d 349, 353-354 [164 P.2d 8]; *Mosesian* v. *Bagdasarian* (1968) 260 Cal.App.2d 361, 367 [67 Cal.Rptr. 369]; *Eamoe* v. *Big Bear Land & Water Co.* (1950) 98 Cal.App.2d 370, 373 [220 P.2d 408]; *Tidewater Southern Ry. Co.* v. *Harney* (1916) 32 Cal.App. 253 [162 P. 664].

Oro Navigation hired plaintiff as a sailor; the shipping articles, posted in the vessel, listed General Steamship Corporation, Limited, as the "Operating Mgrs." Plaintiff was injured on June 17, 1947, and upon his return to California in August he filed suit against Oro Navigation, serving General Steamship Corporation as defendant's California agent. Unknown to plaintiff, however, Oro Navigation terminated General Steamship's authority on July 1.

The Court of Appeal, relying upon the doctrine of estoppel (see 82 Cal.App.2d at p. 887), held service effective to establish jurisdiction over Oro Navigation. In language particularly pertinent to the present case, it stated that "If the corporation does not avail itself of statutory protective provisions and is aware of the filing of an action for damages and service of summons upon an alleged agent, who in turn gives timely notice of such service to the principal, it should not be permitted to take advantage of a technicality, the merit of which must be founded upon its inadvertent neglect or deliberate failure to comply with the law, . . ." (82 Cal.App.2d at p. 889.)[11]

The principle of Oro Navigation, which rests upon the perennial proscription that one should not profit from his own wrong, applies forcefully here. Defendant corporation, having misled plaintiff, bears the responsibility for plaintiff's failure to serve an authorized corporate officer, and should

---

[11]Three other California cases discuss whether jurisdiction can be acquired by estoppel; each, finding no estoppel on the facts, avoids resolution of the legal issue. (Craft v. Craft (1957) 49 Cal.2d 189, 193 [316 P.2d 345]; General Motors Corp. v. Superior Court (1971) 15 Cal.App.3d 81, 86 [93 Cal.Rptr. 148]; Roehl v. The Texas Co. (1930) 107 Cal.App. 691. 707 [291 P. 255].) In Maricopa County v. American Petrofina, Inc. (N.D.Cal. 1971) 322 F.Supp. 467, the federal district court based jurisdiction on estoppel in a case in which a defendant had entered into three stipulations extending its time to appear without informing the court of its intent to attack service of process. (322 F.Supp. at p. 470.)

In Mott I. Works v. Plumbing S. Co. (1896) 113 Cal. 341 [45 P. 683], plaintiff attempted to serve a corporation by serving Ryer as corporate president. The trial court found that Ryer was in fact corporate president and upheld the service; the Supreme Court affirmed. Defendants in the present case point to dictum in this decision that "Ryer's declarations could not bind or estop appellant [corporation]." (113 Cal. at p. 344.) Seen in context, however, this language is not directed to the issue of acquiring jurisdiction by estoppel. It is simply a reiteration of the accepted rule that the authority of an agent is proved from the acts of the principal, not from the declarations of the agent himself. (See, e.g., Hartong v. Partake, Inc. (1968) 266 Cal. App.2d 942, 960 [72 Cal.Rptr. 722].)

Defendants also rely upon Security I. R. Co. v. Superior Court (1929) 101 Cal. App. 450 [281 P. 709], which held that delivery of summons to the former corporate secretary, who had resigned that office a year earlier, was ineffective to establish jurisdiction over the corporation. The opinion does not discuss ostensible authority or estoppel.

not be permitted to strip itself of assets in order to avoid the payment of an uncontested judgment. If the rule were otherwise we would make of process "a special preserve in which deception pays, and technical precision prevails over substantial justice." (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 440 [96 Cal.Rptr. 571, 487 P.2d 1211].) We conclude therefore, that plaintiff, by serving Binney, Sr., a corporate agent with ostensible authority to receive process, effected valid service upon the defendants. The writ of certiorari and peremptory writ of mandate are denied, and the alternative writ of mandate is discharged.

Wright, C. J., McComb, J., Mosk, J., Burke, J., Sullivan, J., and Clark, J., concurred.