**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFFREY D. FOX,

        Plaintiff-Appellant,

v.

CALIFORNIA FRANCHISE TAX
BOARD, a California State Agency;
JOHN CHIANG, Chairman-California
Franchise Tax Board, individually and
in his official capacity; RICK WARD,
individually and in his official
capacity; JOYCE (last name to be
identified), individually and in her
official capacity; SUE YING,
individually and in her official
capacity; JUDY CHU, individually
and in her official capacity;
MICHAEL C. GENEST, individually
and in his official capacity; SELVI
STANISLAUS, individually and in his
official capacity; ALLIANCEONE
RECEIVABLES MANAGEMENT,
INC., a Collection Agency; BOB
MAUCH, Chairman AllianceOne
Receivables Management, Inc.,
individually and in his official
capacity; SCHOOLSFIRST FEDERAL
CREDIT UNION, a Federal Chartered
Credit Union; RUDY HANLEY, CEO
SchoolsFirst Federal Credit Union,
individually and in his official
capacity; LISA MITCHELL,
individually and in her official
capacity; FABIOLA GUILLEN,
individually and in her official
capacity; COUNTY OF

No. 11-1037
(D.C. No. 1:08-CV-01047-PAB-BNB)
(D. Colo.)

ORANGE-CALIFORNIA, BOARD OF SUPERVISORS, collectively and in their individual capacities; THOMAS G. MAUK, CEO - County of Orange, California, individually and in his official capacity; JOHN M.W. MOORLACH, individually and in his official capacity; PATRICIA C. BATES, individually and in her official capacity; JANET NGUYEN, individually and in her official capacity; BILL CAMPBELL, individually and in his official capacity; CHRIS NORBY, individually and in his official capacity; ORANGE COUNTY SUPERIOR COURT, JUDGE PRO-TEM STEVEN SHERMAN, in his official capacity,

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pro se plaintiff Jeffrey D. Fox appeals the district court's judgment in favor of defendants in his lawsuit under 42 U.S.C. § 1983 and other statutes. Exercising jurisdiction under 28 U.S.C. § 1291,[1] we affirm.

*Background*

In August 2007, SchoolsFirst Federal Credit Union (then known as Orange County Teachers Federal Credit Union) received a document on the letterhead of the California Franchise Tax Board entitled "Order to Withhold – Court-Ordered Debt Collections." The Order to Withhold directed the credit union to withhold $801 from Mr. Fox's account. When the credit union notified Mr. Fox that it intended to comply with the order, he filed suit against the credit union and the Franchise Tax Board in small-claims court in the County of Orange, California, alleging that the seizure was unlawful. The court held a trial and dismissed the case; and Mr. Fox's request to vacate the decision was rejected. This concluded the proceeding, as California does not allow a small-claims plaintiff to appeal an adverse decision. *See* Cal. Civ. Code § 116.710(a).

---

[1] The County of Orange and related defendants filed a motion to dismiss the appeal for lack of jurisdiction, claiming that there is no final, appealable order because the district court dismissed them without prejudice for lack of personal jurisdiction. We conclude that the order is final and appealable, and therefore deny the motion to dismiss. Although the dismissal of these defendants was without prejudice, the district court's disposition of the action effectively excluded Mr. Fox from proceeding further in the District of Colorado. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001).

In May 2008, Mr. Fox filed suit against numerous defendants (including the credit union, the Franchise Tax Board, and individuals associated with them) in the United States District Court for the District of Colorado. Concluding that the 116-page complaint was "difficult to follow[] and replete with unnecessary legal citations and analysis," and that it did not establish venue and jurisdiction, the district court ordered Mr. Fox to file an amended complaint and to show cause why his suit should not be dismissed or transferred. R. at 170-71.

Mr. Fox's amended complaint set forth seven claims against 22 defendants. The defendants fell into four groups: (1) the credit union and its employees (the Credit Union Defendants); (2) collection agency AllianceOne Receivables Management, Inc. (AllianceOne); (3) the County of Orange and related defendants (the Orange County Defendants); and (4) the Franchise Tax Board and individual residents of California (the California Defendants). The claims primarily relied on § 1983. With regard to certain defendants, however, Mr. Fox also invoked the California Information Practices Act of 1977; the Privacy Act of 1974, 5 U.S.C. § 552a; the Bank Secrecy Act, 31 U.S.C. § 5318; and the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

The California Defendants were served through certified mail, but they did not return waivers of service and did not appear. The Credit Union Defendants, AllianceOne, and the Orange County Defendants all filed motions to dismiss. The magistrate judge issued reports and recommendations with regard to each

motion. Mr. Fox objected. The district court reviewed each report de novo and decided in favor of the defendants. Ultimately, the district court (1) dismissed the claims against the Orange County Defendants without prejudice for lack of personal jurisdiction; (2) granted summary judgment to the Credit Union Defendants based on claim preclusion; (3) dismissed two of the claims against AllianceOne for failure to state a claim and granted summary judgment to AllianceOne on a third claim; and (4) dismissed the claims against the California Defendants for failure to serve process.

*Analysis*

## I.     Magistrate Judge Appointment Process

Mr. Fox contends that the district court improperly appointed the magistrate judge without his consent. He further asserts that the magistrate-judge appointment process set out in 28 U.S.C. § 636(b) inappropriately converts the district court into an intermediate appellate tribunal.

Mr. Fox misinterprets § 636(b). Under § 636(b)(1)(B) a district judge may designate a magistrate judge, without the parties' consent, "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in [§ 636(b)(1)(A)]." Contrary to Mr. Fox's interpretation, this authority is not limited to criminal matters. The motions excepted in § 636(b)(1)(A) include "motion[s] . . . for judgment on the pleadings,

[or] for summary judgment." Those were the motions involved in this case. It was not improper for the district court either to appoint the magistrate judge to review the defendants' motions without Mr. Fox's consent or to receive the magistrate judge's reports and recommendations.

Section 636(b)(1) further provides that a party may file objections to a report and recommendation and requires that the district judge review de novo the subject of any objections. We disagree with Mr. Fox's perception that § 636(b)(1) somehow converts the district judge into an appellate court. In any event, in this case the district judge afforded de novo review to all portions of all the magistrate judge's reports and recommendations.

In short, there was no impropriety in the magistrate judge's involvement in this case.

## II.    Conversion of Rule 12(b)(6) Motions

The magistrate judge recommended converting the Credit Union Defendants' Rule 12(b)(6) motion and a portion of AllianceOne's Rule 12(b)(6) motion into motions for summary judgment. The district court accepted the recommendations. Mr. Fox asserts that he did not receive adequate notice of the court's intention to convert the motion to dismiss into a motion for summary judgment. We review this issue for abuse of discretion. *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006).

Fed. R. Civ. P. 12(d) (formerly Rule 12(c)) provides: "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." It has been the longstanding rule that "where the district court intends to convert the motion, the court should give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56." *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986) (internal quotation marks omitted).

A failure to give notice, however, is not necessarily reversible error. This court repeatedly has held that a plaintiff who submits his own evidence in response to a Rule 12(b)(6) motion is not prejudiced by the conversion of the motion. *See Lamb v. Rizzo*, 391 F.3d 1133, 1137 n.3 (10th Cir. 2004) ("Mr. Lamb does not and cannot claim that the absence of notice prejudiced him. Mr. Lamb not only failed to object to the exhibits attached to Mr. Rizzo's motion to dismiss, but Mr. Lamb also filed his own exhibits in response." (citation omitted)); *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996) ("Because Mr. Arnold submitted material beyond the pleadings in opposition to defendants' motion, he is scarcely in a position to claim unfair surprise or inequity."); *Nichols*, 796 F.2d at 364 ("Nichols cannot complain of unfair surprise since he

responded with material made pertinent by Rule 56." (internal quotation marks omitted)).

The magistrate judge explicitly recommended converting the motions to motions for summary judgment, and Mr. Fox did not object. On the contrary, in his objections to the Credit Union Defendants' motion, Mr. Fox acknowledged that "[t]he court is required to treat a Rule 12(b)(6) motion under the guidelines of a summary judgment motion as set forth under Fed. R. Civ. P. 56." R. at 661. He attached several exhibits to his responses to both Rule 12(b)(6) motions. In accordance with our precedent, we conclude that Mr. Fox cannot claim unfair surprise and the district court did not commit reversible error in converting the motions.

Mr. Fox also argues that summary judgment cannot be granted before discovery. This is incorrect. *See Marquez*, 463 F.3d at 1121 ("There is no requirement in Rule 56 that summary judgment not be entered until discovery is complete." (alterations and internal quotation marks omitted)). Moreover, as in *Marquez*, Mr. Fox did not file a Fed. R. Civ. P. 56(d) (formerly Rule 56(f)) affidavit seeking the opportunity for discovery. *See id.*

### III.  Personal Jurisdiction (Orange County Defendants)

The district court dismissed the complaint against the Orange County Defendants under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Arguing that the court erred in applying the "effects test," Mr. Fox asserts that

there is personal jurisdiction because defendants' intentional conduct caused him injury in Colorado.[2]  We review a Rule 12(b)(2) dismissal de novo.  *See AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).

It is Mr. Fox's burden to prove personal jurisdiction, but because this litigation was in its preliminary stages, that "burden is light."  *Id.*  "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."  *Id.* at 1056-57.  He may make this "showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id.* at 1057 (internal quotation marks omitted).

Mr. Fox's claims against the Orange County Defendants all sound in § 1983.  In determining whether a federal court has personal jurisdiction over a defendant in a § 1983 case, the court must first decide "whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted).  "Because 42 U.S.C. § 1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to

---

[2]     In his reply brief Mr. Fox further asserts that the district court should have exercised pendant personal jurisdiction over the Orange County Defendants. Because he did not raise this argument in his opening brief, it is waived.  *See Cisneros v. Aragon*, 485 F.3d 1226, 1233 (10th Cir. 2007).

adjudicate claims, Fed. R. Civ. P. 4(k)(1)(A) refers us to the [forum state's] long-arm statute." *Id.*

The relevant portion of the Colorado long-arm statute is Colo. Rev. Stat. § 13-1-124(1)(b), which extends jurisdiction to "any cause of action arising from . . . [t]he commission of a tortious act within this state." This court has recognized that § 13-1-124(1)(b) may be satisfied "when tortious conduct initiated in another state causes injury in Colorado." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1507 (10th Cir. 1995). Mr. Fox argues that although the Orange County Defendants' actions occurred in California, he, as a Colorado resident, suffered in Colorado the effects of the seizure from his California credit union account and the decision of the California small-claims court. But that will not suffice to provide personal jurisdiction.

We so held in *Wenz*. Wenz was a Colorado resident who had transferred investment money to a client trust account held by his law firm in London, England. *See Wenz*, 55 F.3d at 1506. He sued when he learned that funds had been disbursed from the account. *Id.* In analyzing whether § 13-1-124(1)(b) created personal jurisdiction in Colorado over the London law firm and attorneys, this court concluded that the loss or injury occurred in London, where the disbursement of funds occurred. *See id.* at 1507-08. "That Wenz may be economically impacted in Colorado, simply because he lives there, is insufficient to establish personal jurisdiction under subsection (1)(b) of the Colorado

-10-

long-arm statute." *Id.* at 1508 (collecting cases).  Similarly, the impact of the seizure and the small-claims court action on Mr. Fox in Colorado is insufficient to establish personal jurisdiction over the Orange County Defendants under § 13-1-124(1)(b).

Mr. Fox also argues that the district court should have deferred its decision until he had an opportunity to conduct discovery regarding his allegations of a conspiracy among the defendants.  He does not explain, however, how discovery would have changed the personal-jurisdiction analysis with regard to the Orange County Defendants.

## IV.    Claim Preclusion (Credit Union Defendants)

The district court gave full faith and credit to the small-claims court judgment and granted summary judgment for the Credit Union Defendants based on claim preclusion (res judicata).  Mr. Fox challenges this ruling on several grounds.

He argues that the Credit Union Defendants' Rule 12(b)(6) motion was improperly converted to a motion for summary judgment because the attachments to the motions were not matters outside the pleadings.  We disagree.  The ruling relied on documents attached to the Rule 12(b)(6) motion that were not (1) attached to the complaint, (2) incorporated by reference, or (3) central to Mr. Fox's claims — namely, the affidavit of a Credit Union employee and certain pleadings from the small-claims court action.  Therefore, it was proper to convert

-11-

the 12(b)(6) motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (requiring conversion if "matters outside the pleadings are presented to and not excluded by the court"); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (describing circumstances in which conversion is not required).

Mr. Fox also argues that genuine issues of material fact precluded the entry of summary judgment, and that such facts should have been tried to a jury. But the disputed issues he identifies in his opening brief relate to the merits and are irrelevant to determining whether claim preclusion applies in this action.

Finally, Mr. Fox contends that the small-claims court's decision was constitutionally infirm and therefore not entitled to preclusive effect under 28 U.S.C. § 1738, the full-faith-and-credit statute. We review de novo a grant of summary judgment based on claim preclusion. *See Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000).

"[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). By enacting § 1738, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Id.* at 96. As the district court concluded, the California courts give preclusive effect to

-12-

California small-claims judgments rendered against a plaintiff: "It is well established that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments." *Pitzen v. Superior Court*, 16 Cal. Rptr. 3d 628, 633 (Cal. Ct. App. 2004).

Nevertheless, preclusion doctrines will not apply "when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate the claim or issue." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480-81 & n. 22 (1982) (internal quotation marks omitted). "A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment." *Id.* at 482 (footnote omitted).

In arguing constitutional infirmity, Mr. Fox complains that California does not allow an unsuccessful plaintiff to appeal from a small-claims court decision.[3] *See* Cal. Civ. Code § 116.710(a). The California courts, however, have determined that it is appropriate to give preclusive effect to a small-claims judgment against a plaintiff even though he or she has no right to appeal. *See Pitzen*, 16 Cal. Rptr. 3d at 633 (stating the well-established rule that claim preclusion applies to small-claims judgments); *id.* at 637 (noting, in the context of issue preclusion, that the plaintiff chose the forum, with its informal procedures

---

[3]    Mr. Fox also refers to "the interlocutory nature of the former proceedings." Aplt. Opening Br. at 23. But the small-claims court action was not interlocutory; it was a judicial proceeding complete in and of itself.

-13-

and lack of right to appeal). This does not contravene federal law, because the Supreme Court has held that "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause . . . to qualify for the full faith and credit guaranteed by federal law." *Kremer*, 456 U.S. at 481. The minimal procedural protections of the Due Process Clause for an adjudication are generally notice and an opportunity for an appropriate hearing. *See, e.g., Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Mr. Fox received these procedural protections in the small-claims court, and it is he who chose to litigate in that forum. Therefore, the lack of an appeal does not mean that the California small-claims court's judgment does not merit full faith and credit under § 1738. *See Kremer*, 456 U.S. at 483 ("[N]o single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause.").

Mr. Fox argues that the district court confused the adequacy of the small-claims-court process with the adequacy (or inadequacy) of the process given to him when his money was seized. But it is Mr. Fox who is confused. The district court correctly focused on the process afforded in the small-claims court. Mr. Fox's discussion of the process afforded (or not afforded) to him in connection with the seizure addresses the merits of his underlying claims, rather than whether it is appropriate to give preclusive effect to the small-claims judgment.

## V.    Failure to State a Claim (AllianceOne)[4]

The district court granted judgment to AllianceOne on several grounds, some based on the allegations in the amended complaint and others based on allegations in a proposed second amended complaint.  On appeal Mr. Fox focuses on the district court's refusal to accept his proposed second amended complaint, which invoked the right to privacy, the Fourth Amendment, and the Fifth Amendment.[5]  The court held that Mr. Fox's second amended complaint "fails to provide any factual allegations raising an inference that AllianceOne wrongfully seized any of his assets" and "contains no factual averments that 'raise a right to relief above the speculative level.'"  R. at 804, 805 (quoting syllabus to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  We review a Rule 12(b)(6) dismissal de novo.  *See Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

---

[4]     Mr. Fox argues that his second amended complaint was intended to apply to all defendants.  The district court, however, granted judgment to all the appearing defendants other than AllianceOne before it allowed Mr. Fox leave to file a proposed second amended complaint.  As discussed above, those judgments were based on considerations other than the adequacy of the pleaded allegations.  Therefore, we treat Mr. Fox's arguments regarding the proposed second amended complaint as directed solely at AllianceOne.

[5]     The court also (1) concluded that Mr. Fox failed to state a claim for relief under the Privacy Act and the Bank Secrecy Act because AllianceOne is not a federal agency and (2) granted summary judgment on the FDCPA claim, holding that AllianceOne had shown that the matter underlying the seizure (a traffic ticket) was not a "debt" within the meaning of the FDCPA.  Mr. Fox does not take issue with these holdings on appeal.

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

As Mr. Fox acknowledges on appeal, many of the allegations in the second amended complaint are "pointed at all the defendant[s] universally." Aplt. Br. at 28. It is the plaintiff's burden, however, "to provide fair notice of the grounds for the claims made against each of the defendants." *Robbins*, 519 F.3d at 1250.

When a complaint "use[s]. . . the collective term 'Defendants' . . . with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.* Thus, the allegations generally against "the defendants" are insufficient to state a claim against AllianceOne in particular.

Mr. Fox does specifically name AllianceOne in some portions of the second amended complaint, particularly paragraphs 21 and 22. The factual allegations concerning AllianceOne, however, do not show a plausible violation of Mr. Fox's constitutional rights by AllianceOne. The actions specifically attributed to AllianceOne are that (1) it contracted with the State of California Administrative Office of the Courts to collect court-ordered debts; (2) it "arbitrarily impos[es] fines, then assess[es] fees, and issu[es] quasi court orders under the umbrella of a state agency," R. at 771; (3) it issued the Order to Withhold; (4) it instructed the credit union to provide Mr. Fox only page 3 of a three-page document; and (5) it failed to provide a hearing before the seizure, violating Mr. Fox's right to due process.

The first, third, and fourth allegations are consistent with innocent conduct. Thus, they are mostly in the nature of background, and "have not nudged [Mr. Fox's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The second allegation is the type of conclusory and formulaic recitation disregarded by the Court in *Iqbal*. *See Iqbal*, 129 S. Ct. at 1949

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *id.* at 1951 (certain allegations were not entitled to an assumption of truth because they were conclusory). The fifth allegation, that Mr. Fox was denied a hearing before the seizure, comes closest to possibly establishing a claim. But the further allegations of paragraph 22 state that Mr. Fox "did in fact contact the [Franchise Tax Board], both by phone and by written demand, and was denied a hearing." R. at 772. Thus, because the specific factual recitations allege that it was the Franchise Tax Board, not AllianceOne, who denied Mr. Fox a hearing, the complaint falls short of establishing a due-process claim against AllianceOne.

When a pro se plaintiff is close to stating a claim, but is not quite there, a district court generally should allow leave to amend. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010). But the proposed second amended complaint was Mr. Fox's third formal attempt at stating his claims. While he initially may have been unaware that his amended complaint would supersede his original complaint, by the time he submitted the proposed second amended complaint he certainly was on notice that the court would consider only the allegations therein. The district court was not required to allow Mr. Fox yet another attempt to plead his claims.

**VI.    Failure to Serve Process (California Defendants)**

The district court dismissed the complaint against the California Defendants without prejudice because Mr. Fox failed to serve them with process as required by Fed. R. Civ. P. 4. Mr. Fox asserts that he "made extraordinary effort" to serve the California Defendants because he mailed them summonses on multiple occasions but they did not respond. Aplt. Opening Br. at 38. He argues that his "process service was sufficient where notice was provided" and "[n]otice is sufficient where the opposite party is made reasonably aware that a lawsuit exists." *Id.* "We review for abuse of discretion a district court's dismissal for failure to effect service." *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000).

The district court did not abuse its discretion in dismissing the California Defendants. As the district court recognized, Mr. Fox could effect service by following California law regarding service. *See* Fed. R. Civ. P. 4(e)(1). California allows service by mail only if the recipient returns an acknowledgment. *See* Cal. Civ. Code § 415.30(c), (d). Because the California Defendants never responded to Mr. Fox's mailings, service by mail was not complete, and Mr. Fox had to take other measures to achieve service under California law. He did not do so.

Instead, he argues that his efforts at service were sufficient because he substantially complied and the California Defendants had actual notice of his lawsuit. Although some California appellate cases have allowed substantial

compliance, others have applied strict construction. *See Summers v. McClanahan*, 44 Cal. Rptr. 3d 338, 343-44 (Cal. Ct. App. 2006) (surveying case law). It appears that liberal construction should be the rule. *See id.* at 344 (citing *Pasadena Medi-Ctr. Assocs. v. Superior Court*, 9 Cal. 3d 773, 778-79 (Cal. 1973)). But liberal construction does not suffice "to uphold [a default judgment] solely on the ground the defendant received actual notice when there has been a complete failure to comply with the statutory requirements for service." *Id.* at 346. In any event, Mr. Fox assumes that his repeated mailings must have given the California Defendants actual notice of the Colorado lawsuit, but he offers no evidence beyond the fact of mailing and receipt (by individuals who are not named as defendants and whose authority is undetermined) to support his assumption. This showing does not establish actual notice.

### *Conclusion*

The Orange County Defendants' motion to dismiss the appeal is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge