**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT L. MARQUEZ,

        Plaintiff-Appellant,

v.

CABLE ONE, INC.,

        Defendant-Appellee.

No. 05-2257

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-04-1238 JP/ACT)**

---

Submitted on the briefs:[*]

Dennis W. Montoya, Montoya Law, Inc., Rio Rancho, New Mexico, for Plaintiff-Appellant.

John D. Giansello, Orrick, Herrington & Sutcliffe LLP, New York, New York, for Defendant-Appellee.

---

Before **TACHA**, Chief Judge, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Robert Marquez appeals from the district court's order granting summary judgment to his former employer, Cable One, Inc., on his claim that it retaliated against him for engaging in protected activity under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. We affirm.

Plaintiff's complaint alleged that, in retaliation for an employment discrimination lawsuit he filed against Cable One in 2000, Cable One falsely accused him of embezzlement of company property. Plaintiff filed his original employment discrimination lawsuit in May 2000 and the suit was settled in September 2000. He was indicted for embezzlement of Cable One property in June 2003, but the criminal charges were dismissed in 2004.

Before filing an answer, Cable One responded to the complaint by filing a motion entitled: "Notice of Motion and Motion to Dismiss the Complaint for Failure to State a Claim or for Summary Judgment," Aplt. App. at 8, with an accompanying memorandum and evidentiary materials. In this motion, Cable One presented the following evidence. Several months before plaintiff filed his original discrimination lawsuit, Cable One became aware that a significant number of households in a New Mexico town were receiving free cable. It launched an investigation and ultimately concluded some of its installers in this town were installing free cable for their personal profit. Plaintiff was not the focus of the investigation, but a witness and other evidence implicated him in the

scheme. Cable One contacted the FBI in June 2000, which took no action. A year later, the New Mexico state police began an investigation, not initiated by Cable One, which led to plaintiff's 2003 indictment.

Plaintiff filed an objection to Cable One's motion, arguing that it was not a valid motion to dismiss under Fed. R. Civ. P. 12(b)(6) because it referenced materials outside of the complaint. Plaintiff acknowledged that the motion should properly be converted to a motion for summary judgment, but argued that such a motion could not be filed prior to the filing of an answer. He further argued that the summary judgment motion should be denied because he had not had a realistic opportunity to discover information essential to opposing the motion. He did not, however, file an affidavit under Federal Rule of Civil Procedure 56(f), which allows a party to obtain a deferral of a summary judgment ruling pending further discovery if the affidavit identifies the probable facts not available, the steps taken to obtain these facts, and how additional time will enable the plaintiff to rebut the defendant's allegations. *See Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522-23 (10th Cir. 1992) (describing requirements of Rule 56(f) affidavit).

The district court ruled that plaintiff had explicit notice from the title and content of Cable One's motion that it could be converted into a motion for summary judgment. Because plaintiff had failed to file a Rule 56(f) affidavit, the court rejected his argument that he had not had an opportunity to conduct

discovery. It ruled that summary judgment was otherwise appropriate, because Cable One had presented a facially legitimate rationale for its investigation and police report, and plaintiff had not presented any evidence that this explanation was pretext. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (describing burden-shifting analysis of retaliation claim at summary judgment stage).

On appeal, plaintiff contends that the district court erred in granting summary judgment because the rules of civil procedure do not permit such a motion before an answer has been filed, and if they do, he did not have adequate notice before the conversion. "We review for an abuse of discretion a district court's decision to consider evidence beyond the pleadings and convert a motion to dismiss to a motion for summary judgment." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 (10th Cir. 2002). We find no merit to plaintiff's claims of error.

Rule 56 expressly states that a motion for summary judgment can be filed by a defending party "at any time." Fed. R. Civ. P. 56(b). "Courts and commentators have acknowledged that no answer need be filed before a defendant's motion for summary judgment may be entertained." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 404 (6th Cir. 1987); *see also Rohner v. Union Pac. R.R. Co.*, 225 F.2d 272, 274 (10th Cir. 1955) (recognizing validity of motion for summary judgment filed in lieu of an answer);

10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2718 at 301 (3d ed. 1998) ("A defending party is not required by the rule to file an answer before moving for summary judgment.").

Plaintiff makes a related argument that a motion for summary judgment does not toll the time for filing an answer. Cable One filed its motion as a Rule 12(b)(6) dismissal motion, however, which clearly does toll the time to answer. *See* Fed. R. Civ. P. 12(a)(4) and 12(b). Thus, the motion did toll the time to file an answer until the district court converted it to a motion for summary judgment and resolved the motion. *Cf. Wright, Miller & Kane* § 2718 at 303-04 (indicating that the tolling provision in Rule 12(a) should, by analogy, apply to a summary judgment motion filed prior to an answer); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968) (affirming summary judgment where defendant had never filed an answer in six years of litigation).

Plaintiff next contends that he did not have adequate notice that the motion would be converted into a motion for summary judgment. "[Rule] 12(b) states that, where a Rule 12(b)(6) motion raises matters outside the pleadings, it shall be treated as a motion for summary judgment subject to the requirements of [Rule] 56. Rule 56(c) in turn requires that the opposing party be given ten days notice prior to hearing of the motion within which to file opposing affidavits." *Bldg. & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1495-96 (10th Cir. 1993). Here, the title of Cable One's motion stated it was a "[n]otice of [m]otion," and

it stated that was a motion to dismiss or, alternatively, a motion for summary judgment, and it included evidentiary materials outside of the complaint. Aplt. App. at 8-230. Thus, plaintiff had explicit notice that the district court would convert it to a motion for summary judgment. *See* 11 James Wm. Moore, *Moore's Federal Practice* ¶ 56.30[4] at p. 56-230 (3d ed. 2006) ("[c]ourts have concluded that a court is not required to give notice of its intention to convert a Rule 12(b)(6) motion into a summary judgment motion when the motion was styled in the alternative."). Moreover, plaintiff's response to the motion clearly demonstrated that he was aware that the motion would be converted to a Rule 56 motion for summary judgment. *See Rockwell*, 7 F.3d at 1496 (holding that plaintiff had adequate notice of conversion where his response to the motion to dismiss demonstrated he was aware the court could convert it to a motion for summary judgment). Thus, the district court correctly ruled that plaintiff had adequate notice of the conversion.

"[T]here is no requirement in Rule 56 . . . that summary judgment not be entered until discovery is complete." *Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.*, 26 F.3d 1508, 1518 (10th Cir. 1994) (quotation omitted). Plaintiff did not file a Rule 56(f) affidavit demonstrating why he could not yet present evidence in opposition to the motion, nor did he request a continuance pending completion of discovery, nor did he even inform the district court in his pleadings how discovery would help him oppose Cable One's motion. We have held that,

"[w]here a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986). Plaintiff does not contend that summary judgment was otherwise inappropriate on the merits. His remaining arguments are all based on his incorrect premise that it was error to dismiss his complaint for failure to state a claim for relief under Rule 12(b)(6). As this clearly was not the basis of the district court's grant of summary judgment under Rule 56, these arguments are not relevant.

The judgment of the district court is AFFIRMED.