FILED
United States Court of Appeals
Tenth Circuit

December 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRIS JOHNSON,

        Plaintiff - Appellant,

        v.

DENNIS K. ROBERTS; THE BOARD
OF COUNTY COMMISSIONERS OF
MIAMI COUNTY, KANSAS; FRANK
W. KELLY, Sheriff of Miami County,

        Defendants - Appellees.

No. 10-3170

(D. Kansas)

(D.C. No. 2:09-CV-02664-JTM-DWB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Chris Johnson appeals the grant of summary judgment to the Board of

County Commissioners of Miami County, Miami County Sheriff Frank W. Kelly,

and deputy jailer Dennis K. Roberts (collectively, Defendants) on his civil-rights

claims under 42 U.S.C. § 1983. The United States District Court for the District

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Kansas ruled that Mr. Johnson, an inmate at the Miami County jail, had not been subjected to cruel and unusual punishment when deputy jailer Roberts tased him and used other physical force during an incident in Mr. Johnson's cell.

We have jurisdiction under 28 U.S.C. § 1291. The district court's opinion thoroughly discusses why the evidence presented at summary judgment could not support Mr. Johnson's claim. We affirm for essentially the same reasons stated in that opinion.

We add only a few words to clarify an issue and to correct two errors made in Mr. Johnson's briefs on appeal. First, Mr. Johnson argues on appeal that Defendants violated both his Eighth Amendment rights and his due-process rights, but he never indicates what difference, if any, there was between the two violations. We assume that he is simply noting that the Eighth Amendment applies to state conduct (as here) through the Due Process Clause of the Fourteenth Amendment. *See United States v. Georgia*, 546 U.S. 151, 157 (2006). If he means to argue something else, he has waived review of the issue by failing to develop the argument. *See Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992) ("[I]ssues designated for review are lost if they are not actually argued in the party's brief.").

Second, Mr. Johnson repeatedly asserts in his briefs that it was not necessary for him to respond to Defendants' summary judgment motion with evidence, but that his allegations alone can suffice. For this proposition, he relies

on *Buchwald v. University of New Mexico School of Medicine,* 159 F.3d 487 (10th Cir. 1998), which states:  "To survive summary judgment 'when a defendant raises the defense of qualified immunity, plaintiff must show the law was clearly established when the alleged violation occurred and must come forward with facts *or allegations* sufficient to show the official violated the clearly established law,'" *id*. at 496 (quoting *V-1 Oil Co. v. Means*, 94 F.3d 1420, 1422 (10th Cir. 1996) (brackets omitted; emphasis added).

But Mr. Johnson reads too much into the *Buchwald* language.  That opinion never states that a plaintiff's allegations can substitute for evidence in response to a summary-judgment motion.  *Buchwald* is merely addressing the first hurdle that a plaintiff must surmount in responding to a motion for summary judgment based on qualified immunity.  If the plaintiff does not make the showing required by *Buchwald*, the claim must be dismissed.  But if the plaintiff makes the showing, the usual rules of summary-judgment practice still apply; and if the defendant presents evidence that contradicts the plaintiff's allegations, the plaintiff must overcome a second hurdle—namely, responding with evidence, not just allegations.  It was unnecessary for *Buchwald* to address the plaintiff's second potential hurdle, because the plaintiff had not shown that clearly established law had been violated on the facts and allegations she had presented. (In fact, it does not appear that any relevant facts were disputed.).  That the showing required by *Buchwald* is only enough to bring the usual summary-judgment procedures into

-3-

play is alluded to in *V-1 Oil Co.*, the opinion quoted by *Buchwald.* In the sentence immediately after the language quoted by *Buchwald*, the *V-1 Oil Co.* opinion explains: "Defendant bears the normal summary judgment burden of showing no material facts that would defeat the qualified immunity defense remain in dispute." *V-1 Oil Co.*, 94 F.3d 1420, 1422-23; *see Powell v. Mikulecky*, 891 F.2d 1454, 1457 (10th Cir. 1989) ("Only after plaintiff has shown a violation of a clearly established right does the defendant assume the normal burden of a movant for summary judgment of establishing that no material facts remain in dispute that would defeat her or his claim of qualified immunity."). And, of course, when, as in the present case, "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (2009). Thus, Mr. Johnson could not rely on his mere allegations to defeat Defendants' summary-judgment motion.

Finally, Mr. Johnson's appellate briefs repeatedly complain that he was denied discovery that would have produced evidence helpful to his claim. To preserve that argument, however, he needed to respond to the summary-judgment motion with an affidavit under Federal Rule of Civil Procedure 56(f) (relabeled as Rule 56(d), effective December 1, 2010) showing that he needed discovery to respond fully to the motion. He filed no such affidavit, so he cannot complain on

appeal that he was denied discovery.  *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120–21 (10th Cir. 2006).

We AFFIRM the district court's grant of Defendants' motion for summary judgment.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge