**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERNIE CALBART, SR.,

      Plaintiff-Appellant,

v.

DENVER SHERIFF CAPT. SAUER;
DENVER SHERIFF SANTANGELO;
DENVER SHERIFF PACHCO;
DENVER SHERIFF ESPINOZA,

      Defendants-Appellees.

No. 12-1157
(D.C. No. 1:11-CV-01026-LTB-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

Ernie Calbart, Sr., appeals pro se from the district court's grant of summary

judgment in favor of defendants on his civil rights claims under 42 U.S.C. § 1983.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Calbart's claims related to events occurring on February 20 and 21, 2011, while he was a pre-trial detainee at the Denver Detention Center. In his amended complaint, he alleged that defendants, all of whom are Denver Deputy Sheriffs, violated his rights under the Eighth and Fourteenth Amendments by failing to protect him from an attack by another inmate. Calbart alleged that he was threatened by two other inmates on February 20. He reported the threat and received a grievance form, which he submitted, asking to be moved to a cell in a different pod. The next day, February 21, Calbart met with defendants with regard to the threat and he again asked to be moved to a different pod. Defendant Santangelo referred him to the officer in charge of moving inmates (who is not a defendant in this action). Calbart alleged that defendants Espinoza and Pachco went off duty on February 21, without informing the deputies who relieved them that the two inmates had threatened Calbart. He alleged that his cell door was opened at 4:00 p.m. that day so he could go to an appointment. The two inmates who had threatened him were in the pod, and one of them attacked him.

In claim one of his amended complaint, Calbart alleged that defendants violated his Fourteenth Amendment rights because they were aware that the two inmates had threatened him. His second claim alleged that defendant Sauer violated his Eighth Amendment rights because Sauer had the power to move him to a different pod as soon as possible, but failed to do so after becoming aware of the threats.

Defendants moved to dismiss Calbart's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). They argued alternatively that they were entitled to qualified immunity. Defendants attached exhibits to their motion, and they noted that a Rule 12(b)(6) motion could be treated as a motion for summary judgment under Fed. R. Civ. P. 56 if matters outside of the pleading were presented to and considered by the court. Calbart did not object that defendants' motion referenced materials outside of the amended complaint. Instead, he attached an affidavit and over thirty pages of exhibits to his response to the motion.

A magistrate judge issued a report and recommendation (R&R) on defendants' motion. He initially determined that the motion to dismiss should be converted into a motion for summary judgment because the parties had relied on documents not attached to or incorporated into the amended complaint. After reviewing the evidence the parties submitted regarding Calbart's grievances, the magistrate judge concluded that Calbart failed to exhaust his administrative remedies as outlined in the Denver Sheriff Department Inmate Handbook ("Inmate Handbook"). He also determined that Calbart failed to establish a cognizable Eighth Amendment claim because he did not allege more than a de minimus injury and there was no evidence that his injury resulted from defendants' deliberate indifference. The R&R therefore recommended that defendants be granted summary judgment on Calbart's claims.

Calbart simultaneously filed objections to the R&R and a motion for permission to file an amended complaint. In his objections, he contended that the magistrate judge abused his discretion by treating defendant's motion to dismiss as a motion for summary judgment without first notifying the parties. As to his exhaustion of administrative remedies, Calbart argued that defendants had hindered his access to grievance forms. He also maintained that defendants had filed in the district court an exhibit purporting to be a copy of one of his grievance forms, but that the handwriting on that exhibit was not his. And he claimed that he had sent letters to the Division Chief and Director of Corrections, but defendants had not produced his letters and he had never received a response to them. Finally, Calbart argued that the magistrate judge erred in concluding that his Eighth Amendment claim failed because he alleged only a de minimus injury.

The district court denied Calbart's motion for permission of file an amended complaint. After reviewing the R&R de novo, the district court approved it and granted summary judgment in favor of defendants. Calbart filed a timely notice of appeal.

## II. Discussion

Calbart argues on appeal that the district court (1) abused its discretion in converting defendants' motion to dismiss into a motion for summary judgment; (2) abused its discretion in granting defendants summary judgment on their failure-to-exhaust defense without stating the bases for its decision; (3) erred in

- 4 -

concluding that he failed to exhaust his administrative remedies; (4) erred in concluding his Eighth Amendment claim failed because he suffered only a de minimus injury; and (5) abused its discretion in denying him leave to further amend his amended complaint.

### A. Conversion of Defendants' Motion to Dismiss into a Motion for Summary Judgment

Calbart contends that he did not receive adequate notice before the magistrate judge treated defendants' Rule 12(b)(6) motion as a summary judgment motion under Rule 56. "We review for an abuse of discretion a district court's decision to consider evidence beyond the pleadings and convert a motion to dismiss to a motion for summary judgment." *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006) (quotation omitted).

Before treating a motion to dismiss as a summary judgment motion, a district court must give notice to the parties "to prevent unfair surprise." *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) (quotation omitted). But we have held there is no unfair surprise when a party submits material beyond the pleadings in support of or in opposition to a motion to dismiss because the party's actions "put[] [him] on notice that the judge may treat the motion as a Rule 56 motion." *Id.* at 260. Here, because all parties had submitted evidence outside of the amended complaint, the magistrate judge determined that additional notice was not required before treating defendants' motion as a motion for summary judgment. The district court agreed and therefore granted defendants summary judgment.

Calbart argues that this reasoning should not apply to a pro se litigant. He cites *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985), in which we reversed a grant of summary judgment in favor of the defendant. In that case the district court held that the plaintiff's unsworn evidence was insufficient to oppose summary judgment and also denied him a continuance in order to file affidavits. *See id.* at 1139, 1140. We noted that the plaintiff's evidence would have precluded a grant of summary judgment on his claims if it had been submitted in the proper form, *see id*. at 1139, and we cautioned that "[d]istrict courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings," *id.* at 1140 (quotation omitted).

*Jaxon* is distinguishable from this case. While the plaintiff in *Jaxon* was tripped up by a highly technical requirement for the presentation of admissible evidence, Calbart acknowledges that Rule 12(d) plainly states if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." We have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted). Here, defendants not only submitted evidence outside of the amended complaint with their Rule 12(b)(6) motion, they also alerted Calbart to the possibility that the court might treat the motion as seeking summary judgment. He responded in kind with his own evidence in opposition to the motion, which the magistrate judge admitted and

thoroughly considered in the R&R.  Calbart has not shown an abuse of discretion by the district court in converting defendants' motion to dismiss into a motion for summary judgment without additional notice to the parties.[1]

## B. Failure to Exhaust Administrative Remedies

Exhaustion of administrative remedies is mandatory under the PLRA and "unexhausted claims cannot be brought in court."  *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010).  "Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure."  *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citation omitted).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.  The doctrine of

---

[1]     We decline to consider Calbart's additional contention that the district court abused its discretion by not permitting him to commence discovery before responding to defendants' converted summary judgment motion.  Calbart did not make that argument in his objections to the magistrate judge's R&R, and as he is aware, "the failure to make timely objection waives appellate review of both factual and legal questions."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (ellipsis omitted).  Calbart contends that his argument about lack of notice—which he did make in his objections—can be liberally read to include an argument about a lack of opportunity for discovery.  We note that the R&R advised Calbart that his objections must be specific in order to preserve an issue for appellate review.  Accordingly, we will not expand our liberal construction of his pro se objections to include an argument he plainly did not make.  Nor does Calbart make any effort to demonstrate that the interests of justice support an exception to our firm waiver rule.  *See id*.

substantial compliance does not apply." *Thomas*, 609 F.3d at 1118 (citation, quotations, and brackets omitted).

Calbart first contends that the district court abused its discretion in granting summary judgment in favor of defendants on their affirmative defense of failure to exhaust administrative remedies. He maintains that the magistrate judge *did not* recommend that summary judgment be granted on that basis and that defendants failed to object to that aspect of the R&R. Calbart asserts that the district court therefore erred by granting summary judgment on that ground without stating its reasons for doing so. Calbart's argument has no merit because the magistrate judge *did* find that he failed to exhaust his administrative remedies, albeit with the qualifying statement that "the facts are not entirely clear as to exhaustion." R. at 187. In the next sentence the magistrate judge stated that "the court also concludes" that Calbart failed to establish a triable fact issue concerning his § 1983 claims, *id.*, thus confirming that the R&R recommended two independent bases for granting summary judgment in defendants' favor. Therefore, by approving the R&R, the district court adequately stated its reasons for granting summary judgment on defendants' failure-to-exhaust defense.

Construing his pro se appellate briefs liberally, *see de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007), Calbart also appears to challenge the district court's conclusion that he failed to exhaust his administrative remedies. "We review

- 8 -

de novo the district court's finding of failure to exhaust administrative remedies." *Thomas*, 609 F.3d at 1117 (quotation omitted).

The magistrate judge found that the Inmate Handbook specifies a multi-step grievance procedure. At Step One, the inmate delivers a signed grievance form detailing the date and time of the incident, the act or condition giving rise to the grievance, and the remedy requested. At Step Two the inmate writes a sealed letter to the Division Chief stating the specific grievance, the previous steps taken, and all previous answers received. And at Step Three the inmate writes a personal letter to the Director of Corrections. At each step, the Inmate Handbook states that the recipient of the grievance form or letter will provide a written response within ten working days, and the Director's response at Step Three is considered the final resolution.

In opposition to the defendants' motion, Calbart presented evidence of numerous grievances he had submitted, but the magistrate judge found that only three potentially related to his claims in the amended complaint. In grievance number 10 94020, Calbart described the events on February 20, 2011, when two inmates threatened him. The relief he requested was to be moved to a cell in a different pod. The grievance form notes that Calbart received a response on February 21 indicating that no cells were available in the other pod. The magistrate found there was no evidence that Calbart satisfied Steps Two or Three with respect to this grievance.

Calbart submitted grievance number 10 94021 on February 22, 2011. After referencing grievance number 10 94020, he stated further that a deputy sheriff (who is not a defendant in this action) opened his cell door, and one of the inmates who had threatened him walked over and attacked him. Calbart asserted in grievance number 10 94021 that he was defending himself and following the rules. The relief he requested was to be moved back to a cell in his former pod and that all charges against him be dropped. Calbart stated in an affidavit that he did not receive a response to grievance number 10 94021. He also presented a letter that he wrote to Chief Diggans on March 14, 2011, appealing this grievance. But the magistrate judge found that he failed to satisfy Step Three by writing a letter to the Director of Corrections.

Finally, Calbart submitted grievance number 10 94330 on February 25, 2011, which he characterized as an appeal of grievance number 10 94020. But the remedy he sought in grievance number 10 94330 was to obtain access to a video tape of his attack by the other inmate. The grievance form notes that a response was provided the same day, indicating where Calbart could submit his request for the video tape. Although Calbart's March 14 letter also referenced grievance number 10 94330, the magistrate judge construed it as appealing only grievance number 10 94021. Calbart sent a letter to Director Wilson on April 1, 2011, reiterating his claim that he had been attacked after putting defendants on notice of the other inmates' threats. But he referred only to grievance number 10 94330 and complained about the lack of a

response to his request for a video tape of the attack. After reviewing all of the evidence submitted by the parties, the magistrate judge concluded that Calbart failed to exhaust his administrative remedies.

Calbart contends that the administrative remedies were unavailable to him because defendants interfered with his ability to access the necessary grievance forms; therefore, the exhaustion requirement is inapplicable. *See Little*, 607 F.3d at 1250 (holding "PLRA only requires the exhaustion of 'available' administrative remedies"). But Calbart's contention is belied by the numerous grievance forms in the record. Moreover, the magistrate judge found that he failed to satisfy Steps Two and Three of the grievance process, which do not require the use of a grievance form. Calbart argues further that he did satisfy those steps. But in support of this assertion he points generally to his affidavit and the exhibits he submitted in response to defendants' motion. He therefore fails to address the magistrate judge's reasons for concluding that the letters he sent were insufficient to fully exhaust his administrative remedies with respect to any of the potentially relevant grievances.

Finally, Calbart claims that the exhibit defendants submitted in the district court, purporting to be grievance number 10 94020, is not a true and accurate copy of that grievance form. He asserts that defendants' exhibit was handwritten by someone other than him. In examining defendant's exhibit, *see* R. at 64, as compared to Calbart's exhibit that he claims is a true copy of his grievance number 10 94020, *see id.* at 134, there do appear to be differences in the handwriting and in some of the

words written in the sections filled out by the inmate.  But the substance of those sections in the two documents is identical, and Calbart fails to explain how the discrepancies he identifies could establish that he satisfied Steps Two and Three of the grievance process by sending appropriate letters to the Division Chief and the Director of Corrections.

We affirm the district court's grant of summary judgment in favor of defendants based on Calbart's failure to exhaust his administrative remedies. Accordingly, we need not address his contentions regarding the court's alternative ground for granting defendants summary judgment.

## C.  Denial of Motion to Amend Complaint

Calbart argues that the district court abused its discretion in denying his motion for permission to file a further amended complaint.  His proposed amended complaint would have added factual allegations regarding the nature of his injury, as well as a claim that defendants "acted with a whimsical and cavalier attitude about [the other inmates' threats]." *Id.* at 233.  In denying leave to amend, the district court stated that "Plaintiff is not entitled to a second bite of the apple so as to dispute the [R&R] at this late date." *Id.* at 245.  Calbart contends that the district court should have granted his motion because his proposed amendments stated a claim for relief and because he had not been given notice of the conversion of defendants' motion to dismiss into a motion for summary judgment.  We have already addressed the latter contention.  And because Calbart's proffered amended complaint would not cure his

- 12 -

failure to exhaust his administrative remedies, he has not demonstrated that the district court abused its discretion in denying leave to amend. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992) (finding no abuse of discretion in denial of motion to amend where amendment would be futile).

### III.  Conclusion

The judgment of the district court is AFFIRMED.  We GRANT Calbart's motion for leave to proceed in forma pauperis, but remind him of his continuing obligation to make partial payments until the filing fee is paid in full.

Entered for the Court

Stephen H. Anderson
Circuit Judge