**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LESLIE BROWN, JR.,

      Plaintiff-Appellant,

  v.

No. 13-5135
(D.C. No. 4:12-CV-00577-CVE-PJC)
(N.D. Okla.)

JAMES COLE and JIMMIE CURRAN,

      Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Mr. Leslie Brown, Jr., brought the present suit under 42 U.S.C. § 1983, alleging

false arrest by Officers James Cole and Jimmie Curran. The district court granted

summary judgment against Mr. Brown, reasoning that Officers Cole and Curran enjoyed

qualified immunity because they had probable cause for the arrest. We affirm.

---

[*]    After examining the briefs and appellate record, the Court has determined that oral argument would not materially assist us in deciding the appeal. *See* Fed. R. App. P. 34(a)(2)(c); 10th Cir. R. 34.1(G). As a result, we have decided the appeal based on the briefs.

    This order and judgment does not constitute binding precedent, but can be cited for its persuasive value. *See* 10th Cir. R. 32.1(A).

## I.    The Altercation and Arrest

Defendants Cole and Curran are Tulsa police officers who went to Mr. Brown's home in response to a 911 call.  The two officers observed a man, Mr. Samuel Hill, visibly injured and intoxicated.  Mr. Hill stated that he had been beaten by Mr. Brown with a tree branch.  Mr. Brown admitted that this statement was true, but claimed that Mr. Hill had taken the first swing and refused to leave the house.  Unpersuaded, the officers arrested Mr. Brown for a felony, assault with a deadly weapon.

The district attorney's office later reduced the charge to misdemeanor assault and battery.  This charge was ultimately dropped after Mr. Hill refused to cooperate with the district attorney's office.  Mr. Hill swore in an affidavit that he had instigated the fight and that Mr. Brown had acted in self-defense.

## II.    Procedural Background

In the complaint, Mr. Brown alleged false arrest, stating that he had a right to defend himself and that the police officers had failed to properly investigate.

Officers Cole and Curran moved to dismiss the false arrest claims.  Treating this motion as one for summary judgment, the district court concluded that the officers had probable cause for the arrest and enjoyed qualified immunity.  Accordingly, the district court granted summary judgment to Officers Cole and Curran on the false arrest claims.

Mr. Brown filed a motion entitled "New Trial with Request for a Court Hearing," which the district court construed as a motion to reconsider under Fed. R. Civ. P. 59.  The district court denied the motion, reasoning that Mr. Brown had raised the same arguments

2

in his summary judgment briefing.  Mr. Brown now appeals the district court's denial of his Rule 59 motion and the district court's award of summary judgment to the officers.

## III.  Standard of Review

For the two rulings, we employ different standards.

For the denial of a Rule 59(e) motion to reconsider, we review only for an abuse of discretion and will disturb the district court's exercise of that discretion only if we have a "'definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

On the award of summary judgment, we conduct de novo review, applying the same standard that the district court had employed. *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).  Summary judgment is appropriate "if the movant shows . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When a defendant raises qualified immunity in a motion for summary judgment, the burden shifts to the plaintiff to show:  "(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."  *Becker*, 709 F.3d at 1022.

## IV.  Application of the Standard of Review

In his appellate brief, Mr. Brown asserts three errors with the district court's rulings:  (1) the district court erred by converting the motion to dismiss into a motion for summary judgment; (2) the district court incorrectly determined that Officers Cole and

Curran had probable cause for the arrest; and (3) the district court improperly decided questions of fact in the officers' favor. We conclude that the officers had arguable probable cause to arrest Mr. Brown and that the district court did not improperly decide questions of fact in the officers' favor. Thus, we affirm the district court's rulings.

A.    **Conversion of the Motion to Dismiss to a Motion for Summary Judgment**

Mr. Brown contends the district court erred in converting the motion to dismiss to a motion for summary judgment. According to Mr. Brown, the conversion constituted error because no discovery had taken place. We disagree.

The district court had "broad discretion" to consider materials outside the complaint. *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998). Exercising this discretion, the court decided to consider the Defendants' evidence and converted the motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). The district court provided notice of this conversion and allowed the parties to file additional evidence. *Id.*

Mr. Brown argues that this conversion was premature based on the status of discovery. We disagree for two reasons. First, "'[t]here is no requirement in Rule 56 . . . that summary judgment not be entered until discovery is complete.'" *Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.*, 26 F.3d 1508, 1518 (10th Cir. 1994) (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1081 (10th Cir. 1985)). Second, Mr. Brown did not tell the district court that he disagreed with the conversion or that he needed additional discovery to respond to the officers' motion. *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121

4

(10th Cir. 2006).  For both reasons, the district court did not abuse its discretion by treating the officers' motion as one for summary judgment.

**B.**     **Probable Cause to Arrest**

The federal constitution prohibits an arrest without probable cause.  *See Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012).  But even when probable cause is absent, the arresting officer enjoys qualified immunity if the existence of probable cause was at least arguable.  *Id*.  We conclude that the officers had arguable probable cause to arrest Mr. Brown.

When we evaluate whether an officer had probable cause to arrest, we consider whether the arresting officer knew of facts based on reasonably trustworthy information that would suffice to warrant a reasonably cautious person to believe that an offense had been or was being committed.  *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1216 (10th Cir. 2008).

Officers Cole and Curran arrested Mr. Brown for assault with a dangerous weapon, which is defined under Oklahoma law as the commission of "assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon . . . or other means" without "justifiable or excusable cause."  Okla. Stat. tit. 21, § 645.  Under Oklahoma's self-defense law, police officers cannot "arrest the person for using force unless [they] determine[] that there is probable cause that the force that was used was unlawful."  Okla. Stat. tit. 21, § 1289.25.G.

Mr. Brown argues that: (1) the officers should have more fully investigated his assertion of self-defense, and (2) his self-defense claim is confirmed by Mr. Hill's subsequent affidavit. We reject both arguments.

According to Mr. Brown, Officers Cole and Curran erred by ignoring his assertion of self-defense and failing to investigate whether Mr. Hill had been arrested the previous night. These circumstances do not preclude probable cause.

When the officers arrived at the house, they observed a visibly beaten Mr. Hill, who identified Mr. Brown as his assailant. Mr. Brown admitted that he had beaten Mr. Hill with a tree branch and told the officers that Mr. Hill was a tenant. A prudent officer could reasonably have concluded that Mr. Brown had no justification to beat Mr. Hill with the tree branch. *See Delmonico v. Capito*, 356 F. App'x 144, 149 (10th Cir. 2009) (noting that "a witness's opinion that a party to a fight acted in self-defense would not necessarily defeat probable cause").[1]

Mr. Brown also asserts that probable cause is belied by Mr. Hill's eventual affidavit. But probable cause is "measured at the moment the arrest occurs." *Cortez v. McCauley*, 478 F.3d 1108, 1121 (10th Cir. 2007) (en banc). Thus, the later affidavit does not preclude the existence of probable cause.

In these circumstances, we conclude the officers enjoyed qualified immunity because they had arguable probable cause to arrest Mr. Brown for assault with a dangerous weapon.

---

[1] *Delmonico* is persuasive, but not precedential.

6

## C.    Assessment of the Evidence

Mr. Brown also argues that the district court improperly assessed the evidence in favor of Officers Cole and Curran.  But Mr. Brown does not identify the evidence that was improperly assessed.  Without further guidance, we reject Mr. Brown's argument.

## V.    Disposition

We affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge