FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

May 6, 2022

Christopher M. Wolpert
Clerk of Court

———————————————————

JARRELL D. CURNE,

    Plaintiff - Appellant,

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant - Appellee.

No. 21-3159
(D.C. No. 2:21-CV-02192-EFM-JPO)
(D. Kan.)

———————————————————

## ORDER AND JUDGMENT[*]

———————————————————

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **ROSSMAN**, Circuit Judges.

———————————————————

Jarrell D. Curne, proceeding pro se, appeals the district court's dismissal of his lawsuit against Liberty Mutual Insurance Company. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Mr. Curne sued Liberty Mutual in state court for breach of contract. He then filed a motion requesting default judgment be entered against Liberty Mutual if it

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failed to appear by April 27, 2021. On that day, Liberty Mutual removed the action to federal court, and Mr. Curne's pending motion for default judgment in state court was converted to a motion under the federal rules. But the district court denied the motion as premature because Liberty Mutual's time to file a responsive pleading had not yet expired. Mr. Curne then filed four additional motions asking for reconsideration of the district court's denial and/or reasserting his request for default judgment.

On May 4, 2021, Liberty Mutual filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Mr. Curne's complaint failed to state a claim upon which relief could be granted. Liberty Mutual also filed an answer and a motion to stay discovery. On May 20, Mr. Curne filed a "Response," which stated that he could not properly respond to Liberty Mutual's filings because it had failed to satisfy the service requirements by using the wrong address. He also filed a motion titled "Motion to Moot," asking that Liberty Mutual's filings from May 4 be mooted or stricken due to insufficient service. And he filed a motion titled "Motion for Rule 77(c)," requesting that the clerk enter default. That same day, Liberty Mutual filed a "Notice of Service," certifying that it was mailing all documents it had filed in the case to that point to Mr. Curne's correct address.

The magistrate judge considered Mr. Curne's "Motion to Moot" as a motion to strike and denied it. The magistrate judge explained that he would "not strike all of defendant's filings for failure to mail to the correct address" because "[t]hat technical deficiency may be remedied in other ways." R. at 223. He further explained that he

2

would defer to the district court judge on setting new response and reply deadlines for the pending dispositive motions.  The district court reset the deadline for Mr. Curne to respond to the motion to dismiss to June 15, 2021.

Mr. Curne did not file a response by the deadline.  On June 21, the district court entered an order stating that the time for filing a response to the motion to dismiss had lapsed and that no responsive pleading would be accepted.

Mr. Curne subsequently filed over fifteen documents styled as motions, affidavits, and notices that requested arbitration (which he later withdrew), voluntary dismissal (which he later withdrew), recusal of the district court judge, and summary judgment.  He also filed a document that the magistrate judge construed in part as an amended complaint.  But the magistrate judge struck the amended complaint because the time to amend his complaint had passed and Mr. Curne had not obtained the consent of the opposing party or leave of court to file an amended complaint.

Mr. Curne then filed a motion for leave to file an amended complaint.  The magistrate judge denied the motion for failure to comply with District of Kansas Rule 15.1(a) because the motion did not set forth a concise statement of the amendment and did not attach the proposed amended complaint.

The district court entered an order denying all of Mr. Curne's motions and granting Liberty Mutual's motion to dismiss.  Mr. Curne moved for reconsideration,

3

and the district court denied his motion.  The district court also imposed filing restrictions.  Mr. Curne now appeals.[1]

II.  Discussion

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and internal quotation marks omitted).  Even when affording pro se pleadings a liberal construction, we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Id.*  Mr. Curne raises two issues in his opening brief, but neither of them support reversing the district court's judgment.

For his first issue, Mr. Curne appears to be complaining about the district court's denial of his motions for default judgment.  "We review a district court's denial of a motion for default judgment for abuse of discretion."  *Harvey v. United States*, 685 F.3d 939, 945 (10th Cir. 2012).  The district court denied Mr. Curne's first motion for default judgment as premature because the time for filing a

---

[1] In February 2022, after briefing in this appeal was complete, Mr. Curne filed a notice requesting dismissal of his appeal.  But his notice for dismissal does not comply with Rule 42 of the Federal Rules of Appellate Procedure for a voluntary dismissal.  More importantly, his notice requests relief that is inconsistent with a voluntary dismissal—he asks this court to overturn the filing restrictions the district court entered against him.  Because his notice is insufficient to voluntarily dismiss his appeal, we proceed to address the merits of the issues he raised in his opening brief.

responsive pleading had not yet passed.  Mr. Curne subsequently argued in four filings seeking reconsideration and a second default judgment motion that Liberty Mutual was in default because it had failed to respond by April 30, 2021, which was twenty-one days after service of the initial pleading or summons.  He suggested that the court had given Liberty Mutual an extension of time to answer when one had not been requested.  Mr. Curne filed another motion on May 20, 2021, requesting the clerk enter default, arguing that "Federal Rules of Civil Procedure are used in every court.  Clerk's[sic] owe Plaintiff a duty."  R. at 220.  And he again argued that the law did not give the district court authority to extend Liberty Mutual's time to answer.

The district court explained in its order denying Mr. Curne's motions for default judgment that Liberty Mutual had until May 4, 2021, to file its responsive pleading under Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure because that date was seven days after the notice of removal was filed, which was the longest of the three periods identified in Rule 81(c)(2).

On appeal, Mr. Curne now appears to agree that Liberty Mutual's deadline to respond to his complaint was May 4, 2021.  He asserts, however, that he "FACED INTERMINABLE DELAY" when Liberty Mutual failed to serve its motion to dismiss to his correct address on May 4.  Aplt. Opening Br. at 3.  He argues default judgment should have been granted because—although the motion to dismiss was filed in court on May 4—it was not served on him at his correct address on that date.  "The default judgment must normally be viewed as available only when the

5

adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."  *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (brackets and internal quotation marks omitted).  Because Liberty Mutual corrected its technical deficiency sixteen days later by mailing the motion to dismiss to Mr. Curne's correct address on May 20, 2021, we cannot agree with Mr. Curne's assertion that he faced interminable delay.

But more importantly, Mr. Curne did not raise this argument in his motions seeking default judgment or reconsideration, at least one of which was filed after he knew Liberty Mutual had not served him at his correct address.  And his appellate argument does not challenge the reasoning the district court gave for denying those motions—that Mr. Curne was not entitled to default judgment because Liberty Mutual had until May 4, 2021, to file its responsive pleading.  Instead, Mr. Curne has abandoned the argument he made in his motions—that Liberty Mutual had to respond by April 30, 2021—and he now agrees that May 4 is the correct date.  Because he does not challenge the district court's rationale for denying default judgment, we affirm the district court's decision.  *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) (affirming district court's decision where the "opening brief contain[ed] nary a word to challenge the basis of" that decision).

Liberally construing his appellate brief, Mr. Curne may be challenging the district court's order denying his motion for reconsideration, which the district court

6

construed as seeking relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure based on the failure-to-serve argument discussed above. In that denial order, the district court explained that Mr. Curne had not previously argued that Liberty Mutual's failure to serve the motion to dismiss to his correct address warranted default judgment, and he could not raise a new argument in a Rule 60(b) motion that was available to him when he filed his requests for default judgment. We review the denial of a Rule 60(b) motion for abuse of discretion. *Lebahn v. Owens*, 813 F.3d 1300, 1305 (10th Cir. 2016).

Although Mr. Curne argues throughout his appellate brief that Liberty Mutual did not serve him at his correct address and therefore default judgment should have been entered, he does not identify where in the record he raised this failure-to-serve argument in the context of moving for a default judgment and we do not see where he did. Absent citations to the record in a party's brief, the court "will not sift through the record to find support for" an argument. *Phillips v. James*, 422 F.3d 1075, 1081 (10th Cir. 2005). In addition, Mr. Curne does not challenge the district court's conclusion that he did not raise this argument until his Rule 60(b) motion or otherwise show how the district court abused its discretion in denying that motion. Accordingly, we affirm the district court's denial of his Rule 60(b) motion.

For his second issue, Mr. Curne appears to be challenging the district court's denial of his motion for leave to file an amended complaint. We review the district court's denial of leave to amend for an abuse of discretion. *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008). The

7

district court denied leave to amend because Mr. Curne did not comply with District of Kansas Local Rule 15.1(a), which requires that the motion "set forth a concise statement of the amendment or leave sought" and "attach the proposed pleading."

Mr. Curne, however, does not challenge the district court's stated reasons for denying his motion for leave to amend. Instead, he asserts he was held to a higher standard than an attorney because Liberty Mutual filed an amended answer on May 28, 2021—without requesting leave to amend—even though that date was more than twenty-one days after Liberty Mutual filed its original answer. While it does appear that Liberty Mutual filed an amended answer twenty-four days after its original answer without requesting leave to do so, the district court never considered that amended answer in resolving the issues in this case because the district court granted Liberty Mutual's motion to dismiss.[2] Accordingly, any error in permitting the amended answer to be filed without leave was harmless and does not show the district court treated Mr. Curne unfairly or abused its discretion in denying his motion for leave to amend his complaint.

Finally, we note that because Mr. Curne's opening brief does not raise any challenges to the merits of the district court's decisions denying his motions for recusal and summary judgment, granting Liberty Mutual's motion to dismiss, and

---

[2] We also note that once Liberty Mutual filed its Rule 12(b)(6) motion to dismiss, it did not need to file an answer—let alone an amended answer—because the filing of a Rule 12(b)(6) dismissal motion "toll[s] the time to answer," *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006).

imposing filing restrictions, he has waived any challenges to those decisions. *See*

*Silverton Snowmobile Club v. U.S. Forest Serv.*, 433 F.3d 772, 783 (10th Cir. 2006)

("The failure to raise an issue in an opening brief waives that issue." (brackets and

internal quotation marks omitted)).

III.  Conclusion

For the foregoing reasons, we affirm the district court's judgment.  All

pending motions are denied.

Entered for the Court

Timothy M. Tymkovich
Chief Judge